[No. 1306.]

FORD v. CITY OF DENVER.

1. TOWNS AND CITIES—ORDINANCES—PENALTIES.
Where no penalty is provided for the violation of an ordinance of a city
or town, none can be recovered.

2. SAME—VIOLATION OF ORDINANCE PROCURED BY CITY.
Where a city itself is instrumental in procuring the violation of its ordi-
nance by the sale of liquor, in order to lay the foundation for a suit
in which a judicial opinion, as to what would constitute a violation
of the ordinance, might be procured, it is in no position to say its
ordinance has been violated. It cannot be heard to complain of an
act, the doing of which it solicited.

*Appeal from the County Court of Arapahoe County.*

Messrs. TALBOT, DENISON & WADLEY, for appellant.

Mr. F. A. WILLIAMS, Mr. G. Q. RICHMOND, and Mr.
BROOKS E. SHELL, for appellee.

THOMSON, P. J., delivered the opinion of the court.

Suit by the city of Denver to recover a penalty for an al-
leged violation of its ordinance. Judgment for the plain-
tiff, and appeal by the defendant.

The ordinance, the violation of which was charged, pro-
hibited the selling or giving away, within the limits of the
city, of intoxicating or malt liquors, in any quantity less
than a gallon, by any person without a license for the pur-
pose, except by a druggist upon the prescription of a repu-
table physician, and for medical purposes. The case was
heard upon an agreed statement of facts, from which it ap-
pears that the defendant was a druggist, not having a license,
and that a sale of a quantity of intoxicating liquors less than
a gallon was made by his clerk without the prescription of a
physician, but on the supposition that it was to be used for

medical purposes. The statement set forth the ordinance, and contained this clause: " *That said liquor was not used for purposes of intoxication, but had been bought for the express purpose of testing the questions submitted herein.*" The following is the stipulated statement of those question:

"Whether a druggist has a right in the regular course of his business, either directly or by his clerk, to sell intoxicating liquors except upon the prescription of a physician, or except upon the assurance of the purchaser that it is meant to be used only for medical purposes. In other words, if the purchaser is in good faith believed by the druggist to be purchasing the liquor for medical purposes, and if nothing suspicious in his manner or appearance is seen, can the seller assume that such is the fact and sell the liquor without further, or must the purchaser either produce a physician's certificate, or give his personal assurance that the liquor is for medicinal purposes, or both?"

The facts as they are agreed upon do not authorize an affirmance of the judgment.

*First.* The ordinance set forth in the agreement provides no penalty for its violation, and as none is provided, none is recoverable.

*Second.* It appears that the city was instrumental in procuring the sale of the liquor. Its purpose was to lay the foundation for a suit in which a judicial opinion as to what would constitute a violation of the ordinance might be procured. Apparently this purpose was unknown to the defendant's clerk when he made the sale, and, technically at least, his act was contrary to the ordinance. But the city is in no position to say that its ordinance was violated. It was as much responsible for the sale of the liquor as the defendant, and it will not be permitted to replenish its treasury from penalties incurred at its instigation. It cannot be heard to complain of an act the doing of which is solicited. It is entitled in a proper case to have its ordinance construed, and questions concerning it determined, but it cannot manufacture a case for the purpose, or obtain the information

it desires at the expense of a party for whose infraction of its ordinance it is responsible. For the foregoing reasons the questions submitted will not be discussed.

The judgment is reversed, and the court below instructed to dismiss the case.

*Reversed.*