Thomson, J.
This suit was instituted by the town of Delta, in the name of the people of the state of Colorado, to recover a penalty for the alleged violation, by the defendant, of an ordinance of the town, prohibiting the sale by a druggist, not having a permit from the board of trustees, of spirituous or intoxicating liquors. The defendant was a druggist, and had no permit. It seems that a Mrs. Dixon gave the complaining witness, Mrs. Garland, an order for a pint of alcohol, and the money to pay for it. To whom the order was addressed does not appear. Mrs. Garland took the order to Mr. Fairlamb, the town attorney of Delta, who instructed her to purchase the liquor upon the order, giving her the money to pay for it, the money received from Mrs. Dixon to be returned to her, as was afterwards done; and if the liquor was purchased at all, it was purchased with Fairlamb’s money. So far as appears, the sole object the attorney had hi view, was to procure a violation of the ordinance, in order that a prosecution might be instituted against the offender, and a penalty recovered from him. In pursuance of her instructions, Mrs. Garland went to the defendant, and presented the order. She said he sold her the alcohol, and he said he did not. Whether he did or not, she made complaint that he did, and had him brought before the police magistrate to answer the charge. That officer found him guilty, and adjudged a fine against him of $25.00. He appealed to the county court, where he was discharged, and the town appeals to us from the judgment of that court.
The evidence leaves it very doubtful whether the defendant sold Mrs. Garland any alcohol. Upon the question whether he did or not, the court made no finding. It simply *534 held that the town could not recover a penalty for a violation of its ordinance, instigated and procured by its officer. It is entirely clear that the liquor, if it was purchased at all, was not purchased for the private use of any person. It was purchased to involve the seller in a violation of the ordinance, in order that the town attorney might be enabled to pursue him for a penalty. It was peculiarly the duty of Mr. Fairlamb, in view of the office which he filled, to uphold the ordinances of the town, and to discountenance their violation. But in this case we find him actively engaged in procuring the violation of an ordinance, even expending his own money for the purpose. So far as we can see, his only motive was to compel the victim to pay his money into the town treasury. It would be contrary to good morals to allow the plan to succeed. Public policy will not pemit a municipality to derive profit from unlawful acts which are deliberately instigated and contrived by its officers. See Ford v. Denver, 10 Colo. App. 500. To sustain this prosecution, would be, in effect, to say that such officers have a license to inveigle citizens into the commission of offenses, to the end that money may be extorted from them.
The court rendered judgment for costs against the town, and it is said that this was error, because there is no law authorizing, the taxation of costs against the people. But while the action was in the name of the people, it was brought in behalf of the town; and it was against the town, and not the people, that the costs were adjudged. An action brought by a municipality to recover a penalty for the violation of an ordinance is a civil action. Greeley v. Hamman, 12 Colo. 94. In civil actions costs are chargeable against the losing party, so that in its disposition of the costs in this case, the court did not err.
The judgment will be affirmed.

Affirmed.