Thomson, J.
The appellee brought this action to recover from the appellant a penalty for the alleged violation by him of its ordinance prohibiting the sale of intoxicating liquor. The only evidence in the case was the testimony of two witnesses, who were sworn and examined in behalf of the city. Richard Knight testified to the purchase of a bottle of beer by him at the defendant’s place of business. Louis Taylor testified that he was deputy marshal of the city ; that he instructed Knight to purchase the beer, and gave him the money to pay for it; that it was part of his official duty to find out where liquor was being sold; and that in procuring the sale of the beer by the defendant, he did just what he was ordered to do. It is entirely evident from the testimony of this witness, that, as an officer of the city, and in behalf of the city, he contrived a violation of its ordinance; and that his purpose in sending Knight to buy the beer, was to involve the defendant in a liability to - the city. We have held that public policy will not permit a municipality to derive a profit from acts which are instigated by its officers. Ford v. City of Denver, 10 Colo. App. 500; People v. Braisted, 13 Colo. App. 532.
The evidence inculpating the defendant was meager and unsatisfactory, but, conceding that he did violate the ordinance, his act was induced by the city through its officer, and the city cannot be allowed, by taking money out of his pocket, to turn the act, so committed, to its own advantage.
The judgment will be reversed and remanded, with instruction to the court below to dismiss the suit.

Reversed.