[No. 4311.]

THE PEOPLE EX REL. TOWN OF STERLING v. CHIPMAN.

1. **Cities and Towns—Ordinances—Enacting Clause—Statutory Construction.**

    Section 4432, Mills' Ann. Stats., providing that the style of ordinances in cities and towns shall be: "Be it ordained by the city council or board of trustees of ——," is directory and a substantial compliance therewith is sufficient. An ordinance of an incorporated town with an enacting clause as follows: "Be it ordained by the town council of the town of ——," is a substantial compliance with the statute.

2. **Cities and Towns—Intoxicating Liquors.**

    Where the town attorney of an incorporated town employed on his own account a private detective to procure evidence of the violation of the town ordinances prohibiting the sale of intoxicating liquors without a permit, and the detective gave to the prosecuting witness money, but without any direction or instruction to buy whiskey therewith, and with the money given him by the detective witness purchased whiskey from defendant, it was not a procurement of the violation of its ordinance by the town or its officers such as would estop the town to prosecute the defendant therefor.

*Error to the County Court of Logan County.*

Mr. GEORGE E. McCONLEY and Messrs. ALLEN & WEBSTER, for plaintiff in error.

Mr. H. N. HAYNES, for defendant in error.

Mr. JUSTICE STEELE delivered the opinion of the court.

Suit was brought by the people, upon the relation of the town of Sterling, against J. C. Chipman, in the county court of Logan county, to recover a penalty for the violation of Ordinance No. 14 of the town of Sterling, an ordinance concerning the selling of intoxicating liquors. The defendant was discharged, and the case is brought here by writ of error.

Upon the trial, the defendant objected to the introduction of the ordinance for the reason that the enacting clause of the ordinance was not that prescribed by the statutes of the state. The objection was overruled, and the defendant excepted. It appeared from the testimony that one J. B. Gordon, a private detective residing in the city of Denver, was employed by the town attorney of the town of Sterling for the purpose of ascertaining whether or not the liquor ordinances of the town were being violated. The town attorney entered into an agreement with the detective by the terms of which the detective was to be paid his expenses to and from Sterling, and while at Sterling, and certain compensation in the event of his securing evidence that the ordinances were being violated. The detective gave to a witness named Peyton the sum of one dollar. With this money the witness bought a bottle of whiskey from the defendant. The court, in discharging the defendant, stated that he found the issues for the plaintiff, but that under the decisions of the court of appeals he felt that it was his duty to discharge the defendant, and he did thereupon discharge the defendant.

The plaintiff alleges that the judgment of the court was erroneous and should have been for the plaintiff. Section 4432, Mills' Annotated Statutes, reads: "The style of the ordinances in cities and towns shall be, 'Be it ordained by the city council or board of trustees of ——.'" The enacting clause of the ordinance under consideration was as follows: "Be it ordained by the Town Council of the Town of Sterling, State of Colorado." It is insisted that the failure to comply with the statute renders the ordinance void. It is held in Illinois that in order to pass a valid ordinance, the proceedings of the town board must be reduced to writing, yet the form of such proceeding may not be important, and that it may not be necessary that the same should begin with the words, "Be it ordained."—*People v. Lee,* 112 Ill. 121.

The charter of Chicago designated the legislative body of that city as the "city council." An ordinance which, in its enacting clause, described the body as the "common council," was attacked upon the ground that the provision of the charter was mandatory, and that the ordinance was void because the council had failed to follow the mandates of the charter. The court said: "It is urged * * * that the ordinance * * * is void, because in its title is used the word 'common,' instead of the word 'city' council, as required by the present charter. * * * The two terms are so nearly precisely the same in meaning, that we regard it immaterial which term was used in such an ordinance. Even if the word 'city' should, technically, have been used, the adoption of the words 'common council' would not be ground for holding the ordinance void."—*Law v. People,* 87 Ill. 403.

In the case of *C. & E. I. R. R. Co. v. Hines,* 82 Ill. App. 491, it is held that, "An ordaining or enacting clause is not essential to the validity of an ordi-

nance, even though prescribed by the municipal charter."

The statutes of Michigan required an enacting clause similar in form to that required by ours. The supreme court of Michigan held, that as the statute did not provide that unless ordinances contained such enacting clause they should be void, it did not feel warranted in declaring the statute void.—*People v. Murray,* 57 Mich. 396.

Statutes which do not contain the enacting clause are upheld in Missouri; the court holding that where a law is passed in due form by both houses of the legislature and properly approved by the governor, with no allegation of suspicion attached to it, it comes before the courts bearing sufficient evidence that it is really and truly a law.—*City of Cape Girardeau v. Riley,* 52 Mo. 424.

This court held, *In re Roberts,* 5 Colo. 525, that the provision of the statute requiring that the fact of the signing of a bill by the presiding officer in the presence of the body over which he presides shall be entered on the journal is directory, and in the silence of the journal it will be presumed that the bill was so signed.

We are of opinion that the requirements of section 4432, Mills' Annotated Statutes, are directory, and not imperative, and that a substantial compliance therewith fulfills the law's demand.

The enacting clause of the ordinance is as follows: "Be it ordained by the town council of the town of Sterling, State of Colorado." And we are also of opinion that the words "town council" and the words "board of trustees," when used in relation to municipal corporations of this state, have practically the same meaning, and that it is immaterial which form is used as the "style" of the enacting clause of an ordinance.

The defendant it seems is a druggist, and sold within the town limits to a person named Peyton a quantity of whiskey. The ordinance forbids the selling of whiskey within the town limits or within one mile of the outer boundaries thereof. The ordinance provides that the town may grant permits to druggists to sell whiskey under certain conditions. It was shown that the defendant did not have a permit. The defendant does not deny the selling of the whiskey, but insists that under the circumstances shown in the case it is inequitable for the town to be permitted to collect a fine from him. A detective was employed by the town attorney of Sterling to ascertain if the said ordinance was being violated. The detective gave to the witness Peyton the sum of one dollar. With the money so given him by the detective the witness bought the whiskey. Three cases of the court of appeals, namely, *Ford v. City,* 10 Colo. App. 500; *People v. Braisted,* 13 Colo. App. 532; and *Walton v. Canon City,* 14 Colo. App. 352, are cited by the defendant as sustaining the position. We do not regard the case of *Ford v. City* as applicable to the one at bar. The other two cases are more nearly in point. In these cases, witnesses were furnished money by the officers of the town with instructions to buy liquor from the defendants, and the court held that the town treasury could not be replenished by fines from defendants who were induced to violate ordinances by persons who bought liquor with money furnished by the officers of the town. In the case here, the detective was employed by the town attorney for the purpose of ascertaining if the ordinances were being violated. The detective, and not the town attorney, procured the witness to buy the liquor, and it was the detective's money that was used for the purpose of buying liquor. Nor does the testimony show that any part of the money advanced the detec-

tive was to be used in the purchase of liquor, nor were instructions or directions given by the town attorney to the detective as to the purchase of liquor. The court found that in employing the detective the town attorney did not act in his official capacity, and in this case at least there appears to have been a legitimate effort to ascertain whether the ordinances were being violated, and not an attempt on the part of a town official to induce a violation of the ordinance for the purpose of replenishing the town treasury.

We do not understand that the court of appeals has gone to the extent of saying that a municipal officer cannot employ persons to ascertain whether the ordinances are being violated, and that prosecutions cannot be supported by testimony procured in the way shown in this case; although, if carried to its logical conclusion, the doctrine announced in the two cases referred to might include this case. However, we are not prepared to announce as a doctrine that town attorneys are to be so handicapped in the performance of their duties that prosecutions may not be sustained by the testimony obtained in the manner the testimony in this case was obtained.

The town does not seek to hold the defendant for any other violation of the ordinance than that upon the occasion when the witness purchased liquor of the defendant with money furnished by the detective; the witness testified, however, that he had purchased liquor of the defendant on three different occasions.

The court, in rendering an opinion, stated that but for the decision of the court of appeals, he would find the issues joined for the plaintiff. We do not regard the decisions of the court of appeals as authority under the facts shown in this case, and we must therefore reverse the judgment.

*Reversed.*