## No. 9596.

### PLUE *v.* THE PEOPLE.

Decided November 8, 1920.

Plaintiff in error was convicted of violations of the prohibition act of 1915.

### *Affirmed.*

1. CRIMINAL LAW—*Intoxicating Liquors—Instigation of Crime by State Officials or Witnesses.*  On a review of the evidence it is held that there was no such entrapment or instigation as to prevent the defendant's acts in keeping, offering for sale and selling intoxicating liquors, from being criminal.

*Error to the District Court of the City and County of Denver, Hon. Greeley W. Whitford, Judge.*

Mr. JOHN A. DEWEESE, Mr. JOHN L. MCPHAIL, for plaintiff in error.

Mr. VICTOR E. KEYES, Attorney General, Mr. CHAS H. SHERRICK, Assistant, for the people.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

The defendant, plaintiff in error here, was convicted of violations of the prohibition act of 1915 (Ch. 98, p. 275, S. L. 1915). He was found guilty of unlawfully keeping intoxicating liquor for sale, of offering for sale, and of selling intoxicating liquor in violation of the statute.

The assignment of error to which most of the argument is directed, relates to the refusal of the trial court to direct a verdict of acquittal. In this connection the contention of the defendant is, in effect, that the alleged offenses were instigated by witnesses and officers of the state, and that, therefore, his acts were not criminal or punishable.

Klein, a police officer, arranged with one Woods "to get some one to bring" intoxicating liquor to the residence of one. J. W. Noon. Woods then went to Noon and asked him to procure some whiskey for his, Woods', friends. Thereafter Noon requested the defendant to bring liquor to his home. The defendant complied with this request, bringing to Noon's house two packages, each containing twelve pints of whiskey. Klein and Schneider, another police officer, appeared at Noon's home as the friends for whom Woods acted. They were there when the defendant arrived with the liquor, and arrested him when he delivered the whiskey to Noon.

Noon never had any intention of entrapping the defendant. He was acquainted with him, and merely intended to buy the whiskey for others whom he did not suppose desired to entrap the defendant. There is no evidence that Noon or any one else induced, or even encouraged, the defendant to violate the law. None of the witnesses for the state, so far as the record shows, had anything to do with the willingness of the defendant to sell, or to have in his possession for sale, intoxicating liquor. In addition to the whiskey which he delivered to Noon, for which he expected to receive $45.00, the defendant had four more packages of liquor in the automobile in which he arrived at Noon's home. This was a circumstance, in addition to other facts herein mentioned, showing that the defendant was not incited, induced, or even encouraged, to violate the law by

reason of anything done by any officer or witness for the state.

There was no such entrapment or instigation as to prevent the defendant's acts from being criminal. *People v. Chipman,* 31 Colo. 90, 71 Pac. 1108; *Fiunkin v. U. S.,* 265 Fed. 1; 16 C. J. 88, sec. 57, and cases cited. The judgment is affirmed.

Mr. Justice Scott and Mr. Justice Bailey not participating.