No. 10,072.

SIMMONS *v*. THE PEOPLE.

Decided July 5, 1921.

Plaintiff in error was convicted of unlawfully keeping intoxicating liquor for sale or gift.

*Affirmed.*

*On Application for Supersedeas.*

1. CRIMINAL LAW—*Evidence.*  On the trial of a person for keeping for sale intoxicating liquor, while it is not necessary for the prosecution to show a sale, the fact of unlawful sales by the defendant on recent occasions is competent evidence of the intent with which the liquor was kept.

2. APPEAL AND ERROR—*Harmless Error.*  A reversal will not follow error in overruling a motion to quash, where the count which the court refused to quash was not submitted to the jury.

3. CRIMINAL LAW—*Arraignment.*  Where a defendant in a criminal case is arraigned before the jurors are sworn to try the cause, the fact that he was not arraigned before the jurors were examined on their *voir dire* is not ground for reversal.

4.     *Procurement of Commission of Crime by Officer—Intoxicating*

*Liquor.* The fact that the prosecuting witness had been given money by the sheriff with instructions to purchase liquor from the defendant, did not render him an incompetent witness, and a conviction will not be set aside on that ground where there was no such entrapment or instigation as to prevent the defendant's act from being criminal.

5. NEW TRIAL—*Misconduct of Jury.* Where a motion for new trial on the ground of misconduct of the jury was supported only by the affidavit of the defendant based on hearsay, the motion was properly overruled.

*Error to the District Court of Adams County, Hon. S. W. Johnson, Judge.*

Mr. WILLIAM A. BRYANS, JR., for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES R. CONLEE, assistant, for the people.

MR. JUSTICE ALLEN delivered the opinion of the court.

THE plaintiff in error, hereinafter referred to as the defendant, was convicted of a violation of the law relating to intoxicating liquors. He brings the cause here for review, and the same is now considered on his application for a supersedeas.

The defendant was tried upon an information containing two counts, the first charging a sale of intoxicating liquors, and the second alleging that he "did wilfully, knowingly and unlawfully keep for the purpose of sale or gift, intoxicating liquors to-wit, whiskey." A motion to quash the information was filed, and overruled. It is contended that the court erred in refusing to quash the information as to the first count, and that the defendant was prejudiced by the introduction of evidence under that count. Assuming that the motion to quash should have been sustained as to the first count, the refusal of the court so to do was not reversible error. The defendant was not prejudiced by the evidence introduced in support of the first count, for the reason that the same evidence was admissible to prove the second count. In 23 Cyc. 275, it is said:

"Although it is not necessary to show a sale, the fact of unlawful sales by defendant on recent occasions is competent evidence of the intent with which the liquor was kept."

At the conclusion of the evidence, the court instructed the jury that the first count of the information was withdrawn. Since, as we have above observed, evidence in support of the first count was not prejudicial to defendant, the court's action in withdrawing from the jury the first count cured the error, if any there was, of refusing to quash that count. In 17 C. J. 285, it is said:

"A reversal will not follow error in overruling a motion to quash * * * where defendant is not injured thereby. Thus error in refusing to quash a count * * * is harmless * * * where the count which the court refused to quash was not submitted to the jury."

The defendant contends that the conviction should be reversed because he was not arraigned prior to the examination of the jurors on their *voir dire*. The record shows, and the fact is conceded, that the defendant was arraigned before the jurors were sworn to try the cause. There is no ground for reversal in this connection. 16 C. J. 389, sec. 714.

Reversal is sought also because the prosecuting witness had been given money by the sheriff with instructions to purchase intoxicating liquor from the defendant, and defendant relies upon the cases of *Wilcox v. People,* 17 Colo. App. 109, 67 Pac. 343; *Ford v. City of Denver,* 10 Colo. App. 500, 51 Pac. 1015; and *People v. Braisted,* 13 Colo. App. 532, 58 Pac. 796. These cases are not decisive of the instant case. Moreover, this court in *People v. Chipman,* 31 Colo. 90, 71 Pac. 1108, refused to apply the doctrine of these cases in a case where a detective in the employ of a municipality purchased liquor of the party afterwards prosecuted. The defendant in the instant case seeks to distinguish the Chipman case from the one at bar by showing that in the former case the prosecuting witness used his own money, whereas in this case the witness was fur-

nished money by the sheriff. The distinction, if such it may be called, is immaterial.

The facts in the instant case are similar to those appearing in *People v. Barkdoll,* 36 Cal. App. 25, 171 Pac. 440, where the same contention was made and the same Colorado cases were relied upon. The court there said:

"Where a person is innocent of any intention to commit a crime and is inveigled into its commission by an officer of the law for the purpose of advancing his standing for efficiency or to obtain revenue by fine for the municipality, it might be said to uphold such practices would be repugnant to any just conception of good morals and violative of sound public policy. But we have no such case here. The facts and circumstances surrounding the transaction in the present instance were quite sufficient to justify the jury in believing that the defendant was ready, able and willing to comply with the request made of him. \* \* \* The evidence in the case has no tendency to place defendant in the category of those persons in whose behalf some courts have enforced the rule invoked by him."

The foregoing language is applicable to the instant case. There was no instigation of the offense, nor any duress or compulsion, and there was no encouragement given to the defendant to violate the law other than that which would be given by any purchaser. There was no such entrapment or instigation as to prevent the defendant's act from being criminal. *Plue v. People,* 69 Colo. 250, 193 Pac. 496. The prosecuting witness was competent, and the conviction cannot be set aside on the considerations now urged. See also 23 Cyc. 184; *DeGraff v. State,* 2 Okl. Cr. 519, 103 Pac. 538, 550; 2 Woolen & Thornton on Intoxicating Liquors, sections 707 and 920.

It is contended that the court erred in refusing to grant a new trial on the ground of misconduct of the jury. The motion for new trial was supported only by the affidavit of the defendant himself who alleged that in the course of the jury's deliberations the foreman submitted certain alleged facts to the jury which were not in evidence at the

trial. The affidavit was based on hearsay. No other affidavit was presented. There was no error in refusing a new trial. 16 C. J. 1227.

The application for a supersedeas is denied, and the judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE DENISON concur.