No. 11,312.

CLARK, et al. v. THE PEOPLE.

Decided October 5, 1925.

Plaintiffs in error were convicted of a conspiracy to violate the provisions of the prohibition act.

*Affirmed.*

*On Application for Supersedeas.*

1. CRIMINAL LAW—*Intoxicating Liquor—Conspiracy.* Common design and unlawful purpose is the essence of the crime of conspiracy.

2. *Intoxicating Liquor—Conspiracy—Evidence.* Evidence in a prosecution for conspiracy to violate the prohibition act reviewed, and held ample to carry the case to the jury for determination.

3. *Intoxicating Liquor—Entrapment.* In a prosecution for conspiracy to violate the prohibition act, the contention that de-

fendants were entrapped into the commission of the offense, overruled.

*Error to the County Court of the City and County of Denver, Hon. E. J. Ingram, Judge.*

Mr. GRANBY HILLYER, for plaintiffs in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. OTTO FRIEDRICHS, Assistant, Mr. JEAN S. BREITENSTEIN, Assistant, for the people.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

IN an information containing three counts, the defendants Clark, Schneider and Webber were charged with having conspired together to keep in possession, to keep for sale, and to sell intoxicating liquors, contrary to the statute. From a verdict and judgment against them, Schneider and Webber bring the case here for review, and the case is now before us on an application for a writ of supersedeas.

The evidence introduced on behalf of the people consisted in the main of the testimony of Thomas Mainland, a business man, who had volunteered, without compensation or reward, to assist the police officers of Denver in procuring evidence against violators of the intoxicating liquor laws. The evidence shows that at about midnight on March 27, 1925, Mainland visited the Edelweiss restaurant, in company with three other persons, and were seated at a table in one of its booths, like other customers of the restaurant, to be served with meals. Defendant Clark was assigned as the waiter to serve them. Mainland asked Clark if liquor could be procured on the premises. Clark replied that he would see, and walked over and communicated with the head waiter, defendant Schneider. Schneider then came to the booth occupied by Mainland

and his party, and without further conversation said, "sit where you are, we will have it here in a minute." After the lapse of a few moments a large number of persons from a dance hall entered, filling the restaurant to its full capacity, immediately after which Schneider returned to the booth occupied by Mainland and his party, and said that business was a little too brisk to make a delivery at the booth, but if Mainland would go to Webber at the cashier's desk, he would have the liquor for him. Mainland thereupon went to the cashier's desk and there met Webber, and the two, without any reference to liquor, repaired to the lavatory, where Webber delivered a bottle of whiskey to Mainland, and he in turn paid Webber for it. Mainland returned to his party with the whiskey, and Clark, of his own volition, furnished special glasses for the consumption of the whiskey.

This evidence we think is sufficient to show the existence of a common design and unlawful purpose between the defendants, which is the essence of the crime of conspiracy. From this evidence, the defendants seemed to cooperate perfectly, with a mutual understanding how to effect the unlawful sale. Mainland made the request for liquor. In pursuance of the request, Clark saw Schneider, Schneider saw Webber, Webber produced the whiskey, and Clark furnished Mainland and his party with suitable glasses with which to consume the liquor. The evidence was ample to carry the case to the jury for its determination.

It is urged that the evidence shows that the defendants were entrapped into the commission of the offense. The defendants were in no wise inveigled or induced to make the sale, except by the simple inquiry if liquor could be procured upon the premises, and the payment of the price thereof. We have decided adversely to defendants' contention in Simmons v. People, 70 Colo. 262, 199 Pac. 416; Plue v. People, 69 Colo. 250, 193 Pac. 496. However, be that as it may, the defendants were convicted of a charge of conspiracy to sell intoxicating liquors, not for an un-

lawful sale of intoxicating liquors. There is no evidence whatever that the prosecuting witness encouraged, induced or had anything to do with the formation of the conspiracy of which the defendants were found guilty.

We fail to find any reversible error in the record, and the supersedeas is therefore denied and the judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE DENISON concur.