No. 11,215.

ROBERTS *v*. THE PEOPLE.

Decided January 25, 1926. Rehearing denied February 8, 1926.

Plaintiff in error was convicted of a second violation of the prohibition act.

## Affirmed.

1. EVIDENCE—*Legislation.* Legislation providing that proof of one fact shall constitute prima facie evidence of the main fact in issue, is within the general power of government.

2. CRIMINAL LAW—*Intoxicating Liquor—Instructions.* In a prosecution for violation of the prohibition act, an instruction to the effect that an attempted destruction of evidence of the possession of liquor, was prima facie proof that the liquor was intoxicating and intended for unlawful use, sale, barter, exchange

or gift, approved, and under the facts disclosed, held proper even without a statute (§ 3712, C. L. '21) on the subject.

3. INTOXICATING LIQUOR—*Evidence—Judicial Notice.* Courts will take judicial notice that liquor containing 7.3 per cent alcohol is intoxicating.

4. VERDICT—*Compromise.* In a prosecution for a violation of the prohibition act, showing held insufficient to invalidate a verdict of guilty, on the ground that it was the result of a compromise.

5. EVIDENCE—*Unlawfully Seized.* The admissibility of evidence is not affected by the fact that it has been unlawfully seized.

6. CRIMINAL LAW—*Trespass—Common Law.* An unlawful and violent entry into the dwelling of another constitutes a criminal trespass indictable at common law.

7. *Common Law.* The common law of England, so far as the same is applicable and of a general nature, is to be considered in full force in Colorado unless repealed by legislative authority.

*Error to the District Court of Washington County, Hon. H. E. Munson, Judge.*

Mr. W. L. HAYS, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, Mr. ROY T. JOHNSON, Mr. SAMUEL CHUTKOW, for the people.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was sentenced to the state penitentiary for a term of two to three years on a verdict of guilty of a second offense of unlawful possession of intoxicating liquor. To review that judgment she brings error and alleges: (1) That instruction No. 5, given by the court, was erroneous; (2) that the intoxicating character of the liquor in question

was not established; (3) that the verdict of the jury was reached by a compromise which invalidated it; (4) that certain evidence was inadmissible because illegally obtained.

There is no dispute as to the former conviction of defendant. The facts in the instant case briefly stated are: Certain officers went to defendant's home in the early morning, awakened her and demanded admission. She asked time to dress, which was granted, but which she did not so utilize. Meanwhile the officers heard sounds which led them to believe she was destroying evidence of her violation of the law, whereupon, being armed with an alleged search warrant, they forced the doors and found four ten gallon kegs of mash, upset, two twenty gallon kegs still full, a copper wash boiler and cover, a coil, a funnel and charcoal. They arrested defendant and took samples of the liquor. A chemist testified these contained 7.3 per cent grain alcohol. Defendant had been away from home, leaving a man in charge. She had returned the preceding evening and on her arrival this man had departed. She protested ignorance of any illicit operation in her home by anyone, and ignorance of the existence there of the mash and still. Her only explanation of the apparent attempted destruction of the evidence was that she was in such a condition of nervous excitement she did not know what she was doing. The undisputed facts, and even her own testimony, speak so convincingly against her as to leave no possible doubt of her guilt. Were material errors committed in establishing it? 1. Section 3712, C. L. 1921 provides: "If fluids are poured out, or otherwise destroyed, manifestly for the purpose of preventing their seizure, said fluids shall be held to be prima facie intoxicating liquors and intended for unlawful use, sale, barter, exchange or gift."

This law was given by the court to the jury in said instruction No. 5. Counsel for defendant insists that the establishment of this rule of prima facie evidence was beyond the power of the legislature. "Legislation providing

that proof of one fact shall constitute prima facie evidence of the main fact in issue is but to enact a rule of evidence, and quite within the general power of government.   *   *   *

That a legislative presumption of one fact from evidence of another may not constitute a denial of due process of law or a denial of the equal protection of the law it is only essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate." *Mobile R. R. Co. v. Turnipseed,* 219 U. S. 35, 31 Sup. Ct. 136, 55 L. Ed. 78, 32 L. R. A. (N. S.) 226, Ann. Cas. 1912A, 463.

The portion of our statute here in question not only comes well within the rule thus laid down, but the destruction of evidence here established would, by intelligent and unprejudiced jurors, be considered prima facie proof against defendant without any statute. The instruction was correct. *Robertson v. People,* 20 Colo. 279, 289, 38 Pac. 326.

2. The foregoing sufficiently disposes of the contention that it was not proven that the liquor in question was shown to be intoxicating. Moreover, in view of the fact that it contained 7.3 per cent alcohol and the rule in *Moffitt v. People,* 59 Colo. 406, 414, 149 Pac. 104, that the court will take judicial notice that beer is an intoxicating liquor, the proof would have been ample without the aid of the statute.

3. The instant case was numbered 1517 in the district court and was consolidated for trial with case No. 1518 charging unlawful manufacture. In the latter case the verdict was not guilty. Counsel for defendant here, represented her in the trial court. In support of his motion for a new trial he filed his affidavit, on information and belief, that the jury had agreed upon a compromise, in order to reach a verdict at all, whereby defendant was found guilty in one case and not in the other, and hence this verdict

of guilty "was not the free and voluntary verdict of each juryman who rendered same." The showing is insufficient to invalidate the verdict. *Simmons v. People,* 70 Colo. 262, 265, 199 Pac. 416; 16 C. J. 1176.

4. Since the supersedeas was granted in the instant case we have established, as the rule in this jurisdiction, that the admissibility of evidence is not affected by the fact that it has been unlawfully seized. *Massantonio v. People,* 77 Colo. 392, 236 Pac. 1019.

That conclusion was reached after a thorough examination of all the available authorities and a careful consideration of the alleged reasons supporting each. We reaffirm it. It is now urged, however, that one of the reasons there given must fail in this jurisdiction because section 3726, C. L. 1921, exempts an officer from liability for any unlawful act committed while engaged, in good faith, in the enforcement of the prohibition law. The validity of that act, when urged in defense of one who invades the sanctity of another's domicile in violation of the Constitution, must be determined when properly before us. It is not so here. If, under such circumstances, the act would be a complete defense, it must be because the legislature was empowered to adopt it, and if so its existence would affect in no way the rule laid down in the Massantonio case nor the reasons supporting it. There is ample authority, as therein set forth, for that decision, but it does not rest primarily upon authority, but upon reason. If the application of the rule were divorced from popular prejudice concerning the manufacture and sale of intoxicating liquor, and violations of law by corporations, proof of which depends upon records unlawfully seized, we think the unanimous verdict of lawyer and layman would support the rule of admissibility. Let it be announced, for instance, that one unquestionably guilty of an atrocious murder had been turned loose because it developed that the weapon with which the crime was committed and the blood soaked clothes of the victim, offered in evidence, and without which conviction could not be obtained, had been excluded

because some rule of law had not been complied with in their seizure, and a shudder would run through the commonwealth, and its citizens, with one voice, would condemn the helplessness of its courts against the depredations of outlaws.

The argument that the rule announced in the Massantonio case leaves the citizens unprotected against one who unlawfully and violently enters his dwelling if the wrongdoer is unable to respond in damages, should be addressed to the legislature not the courts, and apparently overlooks the fact that such an entry was a criminal trespass and indictable at common law (19 Cyc. 1113, 1117), and that the common law has been adopted in Colorado. Section 6516, C. L. 1921.

The judgment is affirmed.