No. 12,293.

City of Canon City v. Landen.

Decided March 4, 1929.

Mr. A. L. TAYLOR, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is a civil action or proceeding begun before a police magistrate of the city of Canon City against Bud Landen to recover a penalty for his violation of a city ordinance prohibiting within the city the sale of intoxicating liquors. In the trial before the magistrate the defendant was found guilty and a fine was imposed. On his appeal to the county court in a trial before a jury the verdict was for the defendant and the action was dismissed. The city sued out this writ of error. The record reveals that the county court committed prejudicial error in one of its instructions to the effect that if the jury found from the evidence that the city or any of its officers in any manner induced or brought about the violation of the ordinance complained of, their verdict should be for the defendant even though they believed the defendant to be guilty as charged.

Disregarding the apparent inconsistency with itself of this instruction, we think that the principle of law which the trial court had in mind is not applicable to any evidence in this case and the giving of the instruction contributed to, if it was not the sole ground for, the verdict

for defendant. The trial court probably had in mind a case where "a person innocent of any intention to commit a crime, is inveigled into its commission by an officer of the law for the purpose of advancing his standing for efficiency, or to obtain by a fine revenue for the municipality." In such a case it has been determined that a defendant may not suffer punishment for a violation of an ordinance thus brought about. A careful examination of this record does not show that there was any evidence to call for this instruction. To the contrary, this defendant was quite willing, needed no inducement, to do what he did, by the detective who was employed by the city merely to ascertain if its ordinances against the sale of liquor were being violated. The defendant was quite willing, ready and able to comply, and did comply, with the request of the detective to buy and sell liquor, if he could do so, with the money advanced to him by the detective for that purpose. The trial court misconceived the applicability to the evidence before it of such overruled cases as *Wilcox v. People,* 17 Colo. App. 109, 67 Pac. 343, which give color to, or authorize, this instruction which is erroneous because of its inapplicability to the facts of this case. Moreover, it is doubtful if our Court of Appeals' cases, even if they had not been overruled, would justify this instruction under the facts produced at the trial. However that may be, we have in at least three cases: *People v. Chipman,* 31 Colo. 90, 71 Pac. 1108; *Plue v. People,* 69 Colo. 250, 193 Pac. 496; and *Simmons v. People,* 70 Colo. 262, 199 Pac. 416, expressly disavowed and overruled the doctrine of our Court of Appeals which seems to have guided the county court at this trial. The defendant was not entrapped or intrigued or enticed to violate any law or ordinance. He willingly and purposely accepted the detective's money and with it bought and sold liquor in violation of the ordinance.

The judgment is reversed and the cause remanded, and if a new trial be had it must be consistent with the views expressed in the opinion.