## No. 16,206.

### GARCIA *v*. THE PEOPLE.
(213 P. [2d] 387)

Decided December 19, 1949.

Mr. LEWIS M. PERKINS, Mr. BENTLEY M. McMULLIN, for plaintiff in error.

Mr. JOHN W. METZGER, Attorney General, Mr. JOSEPH E. NEWMAN, Deputy, Mr. RAYMOND B. DANKS, Assistant, for the people.

*En Banc.*

MR. JUSTICE HAYS delivered the opinion of the court.

PLAINTIFF in error, defendant below, was convicted of larceny of "one head of neat cattle" and was sentenced to the penitentiary for a term of not less than one year nor more than fifteen months. To review the proceedings, defendant presents the case here by writ of error.

It was charged in the information that the defendant "did unlawfully and feloniously steal and knowingly kill and apply to his own use one head of neat cattle of the personal property, goods and chattels of some person or persons unknown contrary to the form of the statute. * * * "

The statute upon which the above information was based provides: "Any person who shall steal, embezzle or knowingly kill, sell, drive, lead or ride away, or in any manner deprive the owner of the immediate possession of any neat cattle, horse, mule, sheep, goat, swine or ass, or any person who shall steal, embezzle or knowingly kill, sell, drive, lead or ride away, or in any manner apply to his own use any neat cattle, horse, mule, goat, sheep, ass or swine, the owner of which is unknown, or any person who shall knowingly purchase from any one not having the lawful right to sell and dispose of the same, any neat cattle, horse, mule, sheep, swine or ass, shall be deemed guilty of a felony, and on conviction thereof in any court of competent jurisdiction, shall be punished by imprisonment not exceeding six years, or by fine not exceeding five thousand ($5,000) dollars, at the discretion of the court." '35 C.S.A., c. 160, §33.

Prior to the filing of the above information and on December 23, 1947, defendant signed a typewritten statement afterwards introduced in evidence, reciting, inter alia:

"In the early spring of 1947 I paid one Aurelio Sanchez for a beef; we did not select the beef at that time — I was to get it later on. I paid him fifty-five dollars in cash.

"On the 14th day of December, 1947, I went to Arboles to Mr. Sanchez' ranch and picked up the beef, it was a small steer born late in the spring, brackle faced, and red in the body. I butchered the calf myself, then I skinned it, I left the hide with Aurelio Sanchez; I am not certain what the brand was. I took the carcass back to Bayfield and hung it up in my shed. We have used very little of it up to now and as far as I know the beef is still hanging in my shed."

Being unable to "produce the hide" of the steer, and the above explanation of the disposition thereof by the defendant not being, in the opinion of the prosecuting officials, a "true explanation" thereof, the defendant was charged with, and convicted of, grand larceny of neat cattle as hereinabove mentioned. Aside from the admission of the defendant that he had butchered the calf and failed to produce the hide thereof, the prosecution relied almost entirely upon the prima facie evidence created by the following statute: "In the prosecution of any person charged with the larceny of any neat cattle the ownership of which is alleged to be unknown, proof of the failure, neglect or refusal of any person or persons who has butchered any neat animal as herein provided to produce a hide or, in lieu thereof, to give a true explanation as to the disposition made of the hide and to inform said officer or officers making demand where such hide is at the time of request for exhibition, shall be prima facie evidence of the guilt of such person or persons of the larceny of neat animal, and in all prosecutions for the larceny of neat cattle, the owner being unknown, it shall not be necessary in order to convict the defendant or defendants for the people to prove motive, intent or purpose on the part of the accused or to identify the meat with the said animal or animals alleged to be stolen or to prove that any specific animal of any owner, unknown or otherwise, has been lost." '35 C.S.A., c. 160, §39.

In harmony with the provisions of the section above

quoted, the trial court instructed the jury in part, as follows:

"6.

"The Court instructs the jury that if you believe from all the evidence, beyond a reasonable doubt, that on or about December 14, 1947, the defendant did butcher an animal and did thereafter fail to produce the hide, or in lieu thereof give a true explanation as to the disposition made of the hide and to inform the officers making demand where such hide was at the time of request for its exhibition, such shall be prima facie evidence of the guilt of the defendant of larceny of neat animal.

"And the Court further instructs the jury that if you believe beyond a reasonable doubt that on or about the 14th day of December, 1947, the defendant did butcher an animal and did thereafter fail to produce the hide, or in lieu thereof give a true explanation as to the disposition made of the hide and to inform the officers making demand where such hide was at the time of request for its exhibition, and that the owner of said animal is unknown, it shall not be necessary in order to convict the defendant for the People to prove motive, or purpose, or to otherwise prove intent on the part of the accused, or to prove that any specific animal of any owner unknown or otherwise has been lost.

"7.

"The Court instructs the Jury that 'prima facie' evidence means evidence which is sufficient to establish the fact unless rebutted; evidence which, standing alone and unexplained, would maintain the proposition and warrant the conclusion to support which it is introduced."

The principal point specified as ground for reversal is that section 39 is void in that it is violative of the due process clause of the Constitution.

At the outset it should be observed that there is no law of Colorado which makes it unlawful to butcher

a neat animal and none which makes it unlawful to dispose of the hide of the animal. The statute here considered makes the commission of the two above-mentioned lawful acts, prima facie evidence of guilt of the crime of larceny. In other words, if the statute is valid, it is not necessary for conviction for the people to prove "unlawful intent or purpose;" "identify the meat with the animal [alleged to be] * * * stolen;" "prove that any specific animal of any owner, unknown or otherwise, has been lost;" or prove, as alleged in the information, that defendant did "unlawfully and feloniously steal" the calf; or that he did "knowingly kill" it and apply same "to his own use." In short, the people were not required to prove the corpus delicti, which, in a larceny case, consists of two elements: "(1) that the property was lost by the owner; and (2) that it was lost by a felonious taking." 32 Am. Jur. 1033, §121; *Woods v. People*, 111 Colo. 448, 142 P. (2d) 386.

■ Legislative right to declare that the proof of one fact shall be presumptive or prima facie evidence of another is no longer open to serious dispute in this jurisdiction or elsewhere. *Robertson v. People*, 20 Colo. 279, 38 Pac. 326; *Roberts v. People*, 78 Colo. 555, 243 Pac. 544; 20 Am. Jur., p. 39, Evidence, §9; *State v. Kelly*, 218 Minn. 247, 15 N.W. (2d) 554, 162 A.L.R. 477; *Tot v. United States*, 319 U. S. 463, 87 L. Ed. 1519, 63 Sup. Ct. 1241; *State v. Grimmett*, 33 Idaho, 203, 193 Pac. 380; Also, annotations 51 A.L.R. 1139, 86 A.L.R. 179, 162 A.L.R. 495.

It also may be said, in the light of the foregoing authorities, that the power vested in the legislature to create such presumptions is subject to the qualification that there must be some rational connection or reasonable relation between the fact proved and the ultimate fact to be established; also such power is subject to the further limitation that the presumption cannot be made a conclusive one. 20 Am. Jur. 41, Evidence, §10; 12 Am. Jur., Const. Law, 316, §624. In *Robertson v. People*,

*supra,* we considered both the power of the legislature and the limitation thereon as shown by the following excerpt from the opinion, quoted from *Board of Comr's v. Merchant,* 103 N. Y. 148: " 'The general power of the legislature so prescribe rules of evidence and methods of proof is undoubted. While the power has its constitutional limitations, it is not easy to define precisely what they are. A law which would practically shut out the evidence of a party and thus deny him the opportunity for a trial would substantially deprive him of due process of law. It would not be possible to uphold a law which made an act *prima facie* evidence of crime over which the party charged had no control and with which he had no connection, or which made that *prima facie* evidence of crime which had no relation to a criminal act and no tendency whatever by itself to prove a criminal act.' * * * "

The leading case upon the questions here considered is *Tot v. United States, supra.* In that case, the statute involved made the possession of firearms by a person having been previously convicted of a crime of violence, presumptive evidence that such firearms were transported in interstate commerce. It was there held that there was no rational connection in either reason or experience between the possession of firearms, being the fact proved, and the transportation thereof in interstate commerce, being the ultimate fact presumed, and because thereof the statute was invalid. In passing upon the question, Mr. Justice Roberts, who delivered the opinion of the court, stated:

"Proof of some sort on the part of the prosecutor is requisite to a finding of guilt; it may consist of testimony of those who witnessed the defendant's conduct. Although the government may be unable to produce testimony of eye witnesses to the conduct on which guilt depends, this does not mean that it cannot produce proof sufficient to support a verdict. The jury is permitted to infer from one fact the existence of another

essential to guilt, if reason and experience support the inference. In many circumstances courts hold that proof of the first fact furnishes a basis for inference of the existence of the second.

"The rules of evidence, however, are established not alone by the courts but by the legislature. The Congress has power to prescribe what evidence is to be received in the courts of the United States. The section under consideration is such legislation. But the due process clauses of the Fifth and Fourteenth Amendments set limits upon the power of Congress or that of a state legislature to make the proof of one fact or group of facts evidence of the existence of the ultimate fact on which guilt is predicated. The question is whether, in this instance, the Act transgresses those limits.

\* \* \*

"Under our decisions, a statutory presumption cannot be sustained if there be no rational connection between the fact proved and the ultimate fact presumed, if the inference of the one from proof of the other is arbitrary because of lack of connection between the two in common experience. ⋅ This is not to say that a valid presumption may not be created upon a view of relation broader than that a jury might take in a specific case. But where the inference is so strained as not to have a reasonable relation to the circumstances of life as we know them, it is not competent for the legislature to create it as a rule governing the procedure of courts.

" \* \* \* It is not too much to say that the presumptions created by the law are violent, and inconsistent with any argument drawn from experience.

"Nor can the fact that the defendant has the better means of information, standing alone, justify the creation of such a presumption. In every criminal case the defendant has at least an equal familiarity with the facts and in most a greater familiarity with them than the prosecution. It might, therefore, be argued that to place upon all defendants in criminal cases the burden of

going forward with the evidence would be proper. But the argument proves too much. If it were sound, the legislature might validly command that the finding of an indictment, or mere proof of the identity of the accused, should create a presumption of the existence of all the facts essential to guilt. This is not permissible. . "Whether the statute in question be treated as expressing the normal balance of probability, or as laying down a rule of comparative convenience in the production of evidence, it leaves the jury free to act on the presumption alone once the specified facts are proved, unless the defendant comes forward with opposing evidence. And this we think enough to vitiate the statutory provision."

A statute of a sister state, similar to ours, was considered in *State v. Grimmett, supra;* there the statute provided that failure on the part of a person having recently butchered a beef to retain the hide thereof for a period of thirty days is "prima facie evidence of grand larceny." The supreme court of Idaho in applying the rational connection test above referred to, stated:

"So long as the evidence is of itself material and relevant, the statute may make it *prima facie* proof of the ultimate fact which it tends to establish, and may thus shift the burden of evidence. Where, however, there is no connection or rational relationship between the fact proved and the ultimate fact to be presumed, such a statute shifts the burden of proof, and in a criminal case deprives the defendant of the protection of his constitutional guaranties.

"The act of a person in disposing of the hide of an animal within thirty days after it has been slaughtered by him is an act innocent in itself, except as made otherwise by statute. It may be necessary in the face of a falling market in order to prevent financial loss. It does not tend to prove that the animal slaughtered belonged to someone else or that it had been stolen. If the statute had referred only to alteration of the brands upon the

hide, or the defacement of other marks thereon, possibly there might have been some connection between the act and the fact to be presumed. But the statute goes further and declares that the mere fact of failing to retain possession of a hide from a slaughtered animal for thirty days is *prima facie* proof of grand larceny. Under this statute one could be convicted without any evidence that any cattle of any description had been stolen from any person. The instruction, if followed by the jury, relieved the state from the necessity of offering any evidence of the *corpus delicti*. It deprived the defendant of the benefit of any presumption of innocence, and required him to take the burden, not only of proving his own innocence, but perhaps of proving that the crime had not been committed."

Everything stated by the Idaho supreme court in the above case applies with equal or greater force in the instant case. The statute here considered places no time limit, within which one must retain the hide of a butchered animal, as did the Idaho statute. Under our statute, failure to produce the hide or in lieu of its production give a "true explanation" of its disposition and to inform the officers "where the hide is at the time of the request for exhibition" constitutes prima facie evidence that the defendant is guilty of larceny. Conceivably the officers could make a demand for the exhibition of the hide, not within thirty days as the Idaho statute provides, but within the period of the statute of limitations, and if not produced at the time demand was made therefor, or an explanation made of its disposition satisfactory to the officers making demand, the person thereupon becomes a criminal unless he is able to convince the jury that his explanation is true. It is well to observe here that in the instant case the defendant told the officers where he bought the calf, and from whom he bought it, the amount paid, the approximate date of purchase, and the date when the calf was delivered and butchered; also the place where the calf was butchered

and with whom the hide was left, but, as elsewhere stated, the explanation was not satisfactory to the officers making the investigation.

In the Roberts case, supra, we approved the "rational connection" test, first enunciated in *Mobile, Q. & K. C. R.R. Co. v. Turnipseed,* 219 U.S. 35, 31 Sup. Ct. 136, 55 L. Ed. 78, 32 L.R.A. (N.S.) 226, Ann. Cas. 1912 A, 463, restated in the Tot case, supra, and followed in the Grimmett case, supra, and there said:

" * * * Counsel for defendant insists that the establishment of this rule of prima facie evidence was beyond the power of the legislature. 'Legislation providing that proof of one fact shall constitute prima facie evidence of the main fact in issue is but to enact a rule of evidence, and quite within the general power of government. * * *

"That a legislative presumption of one fact from evidence of another may not constitute a denial of due process of law or a denial of the equal protection of the law it is only essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate.' * * * * "

The constitutionality of section 39, supra, was considered by us in *Elliott v. People,* 115 Colo. 382, 174 P. (2d) 500. It was there found unnecessary to pass upon the constitutional question by reason of other reversable error. However, it was there deliberately indicated that the statute (section 39) would be held unconstitutional on the grounds here urged if and when a proper case arose. Mr. Justice Burke, who delivered the opinion of the court, made the following pertinent statement:

"The information charged that defendant, 'Did then and there unlawfully and feloniously steal, drive, lead, carry away and knowingly kill one head of neat cattle to-wit: one yearling of the personal property, goods and chattels of the owner or owners unknown.' Instruction

No. 9 is the italicized portion of the statute, supra. Defendant contends that the statute is unconstitutional and if not, the instruction is not in conformity. The people maintain the contrary.

"The jurors were told 'that the burden is upon the people to prove every material allegation of the information to their satisfaction beyond a reasonable doubt.' That 'the defendant is presumed to be innocent until proven guilty beyond a reasonable doubt.' That 'the information is a mere accusation and not in itself any evidence of guilt.'

"It will first be observed that if instruction No. 9 be taken at its face the people in this case were required to prove only that defendant had butchered an animal and had not produced the hide or given a true explanation of its disposition, or informed the officers where it could be found. Thus the presumption of innocence and the requirement for proof of the corpus delicti and criminal intent were junked."

The above statement in the opinion in the Elliott case is fully supported by both reason and authority as shown by exhaustive annotations in 86 A.L.R. 179, 51 A.L.R. 1159, 162 A.L.R. 495.

A careful consideration of the foregoing authorities convinces us that section 39, here considered, is void, and of no effect, in that there is no rational connection between the admitted facts that the defendant failed to produce the hide of a butchered calf and the presumed facts which constitute all of the essential elements of the crime of larceny and thereby deprives the defendant of due process of law in violation of section 25, article II, of the Constitution.

The legislature by passing section 39, supra, attempted to substitute a presumption of guilt for the fundamental one of innocence, and required the accused, in order to escape such presumption of guilt, to waive his constitutional rights to meet the witnesses against him face to face, not be compelled to testify against himself, and

also his right to a jury trial, all guaranteed by sections 16, 18 and 23 of article II of the Constitution.

The judgment of the trial court is accordingly reversed.