No. 21015.

JAMES A. BISHOP *v.* SALIDA HOSPITAL DISTRICT.
(406 P.2d 329)

Decided October 11, 1965.

JON W. BURKE, JOSEPH E. LOSAVIO, JR., for plaintiff in error.

DONALD F. MEYERS, RUSH and RUSH, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error, to whom we will refer as the objector, questions the legality of proceedings in the district court of Chaffee county which resulted in a judgment by which it was decreed that the Salida Hospital District was duly formed in conformity with C.R.S. '53, 89-14-1 to 14, as amended.

Section 3(2) of the article provides, *inter alia,* that:

"The organization of a district shall be initiated by filing a petition for the creation of the district in the office of the clerk of the district court vested with jurisdiction under subsection (1) of this section. Any elector of the proposed district may sign such petition. * * *"

Upon the filing of such a petition in the instant case, the statutory notice was given as required, and the court set a date "for the consideration of any objections to the organization of the district," as required by subsection (5) of 89-14-3. This subsection also contains the following:

"* * * Objections must be filed with the court not less than ten days before the date set for such hearing and shall be limited to objections to the regularity of the petition or the sufficiency or validity of the signature thereon. At the time of such hearing, every signature on the said petition shall be presumed to be valid and to be the signature of an elector of the district as

defined in section 89-14-2(2), in the absence of objection thereto and evidence to the contrary."

Subsection (11) of 89-14-3 reads as follows:

"If the court, at the hearing provided for under subsection (5) of this section shall find and determine that such petition has been signed by electors totaling not less than fifty percent of all the registered voters residing within the proposed district as of the date of the petition, as determined by the records in the office of the county clerk and recorder, and that the other requirements of this section have been met, the court shall forthwith, without conducting the election provided for in subsection (7) of this section, declare the district organized as provided in subsection (9) of this section."

The objector filed his objections to the formation of the district, in which he challenged the constitutionality of the statute under which the district was organized; questioned the jurisdiction of the court; and raised various objections to specifically identified signatures.

A hearing was conducted upon the questions raised by the objector and at the conclusion thereof the trial court found that more than fifty per cent of the electors in each area of the district had signed the petition. The court thereupon declared the district organized without conducting the election which would have been necessary if the number of signers had been less than fifty per cent of the electors. The objector followed the procedures described in the statute to obtain a review by this court.

The only arguments for reversal warranting discussion are presented as follows:

"I. The statutory presumption set out in Colorado Revised Statutes of 1953, 89-14-3(5), as amended, is unconstitutional in that it violates due process of law under the Fourteenth Amendment of the Federal Constitution and Section 25, Article II, of the Colorado Constitution.

318

"II. Colorado Revised Statutes of 1953, 89-14-1 through 14, as amended, is unconstitutional as it authorizes and grants the power of taking property without due process of law in violation of the Fourteenth Amendment of the Federal Constitution and Section 25, Article II, of the Colorado Constitution."

█ With reference to the objector's first argument above, we direct attention to the fact that the statute in saying that, "every signature on the said petition shall be presumed to be valid and to be the signature of an elector of the district as defned in section 89-14-2(2), in the absence of objection thereto and evidence to the contrary" does not purport to create a conclusive presumption. In legal effect it places the burden of proof upon the objector to prove the invalidity of any signature challenged by him.

█ It is well established that the legislature has the power to declare that the existence of one fact shall be presumptive or prima facie evidence of another. *Robertson v. People,* 20 Colo. 279, 38 Pac. 326; *Roberts v. People,* 78 Colo. 555, 243 Pac. 544; *Garcia v. People,* 121 Colo. 130, 213 P.2d 387. The general rule is stated in 20 Am. Jur. 39, as follows:

"* * * While the legislature cannot constitutionally make one fact conclusive evidence of another, it is well established that it may provide by statute or ordinance that certain facts shall be prima facie or presumptive evidence of other facts, if there is a natural and rational evidentiary relation between the facts proved and those presumed. * * *"

█ The objector's second argument above is grounded on the assertion that he will be deprived of property without due process of law, for the reason that persons who are not property owners are qualified to sign petitions and participate in the creation of the district by casting a vote although the statute authorizes the board of directors to levy an ad valorem tax on the property owners for the support of the district when it is formed.

It is sufficient to say in this connection that the purpose for which the district is created, namely, the operation of a hospital within the area included in the district, is a public purpose and it is within the province of the legislature to levy such a tax to provide for the maintenance thereof. *People ex rel. Setters, et al. v. Lee, et al.,* 72 Colo. 598, 213 Pac. 583.

The judgment is affirmed.