In re D'WYER, County Highway Superintendent.

(207 N. W. 210.)

(File No. 5598.   Opinon filed February 8, 1926.)

1.  **Highways—Highway Superintendent—Officers—County Commissioners—Highway Superintendent May Be Removed by County Commissioners Without Notice of Charges or Hearing.**

Under Laws 1919, c. 333, Sec. 15, as amended by Laws Sp. Sess. 1920, c. 89, and Laws 1921, c. 388, authorizing board of commissioners, "at any time by a resolution * * * stating their reasons," to terminate tenure of office of county highway superintendent, and, regardless of whether highway superintendent be deemed a public officer, it is not necessary that commissioners removing highway superintendent act for cause or accord highway superintendent notice of charges against him and opportunity to be heard.

2.  **Statutes—Legislature—Statute Should Be Construed to Give to Legislative Intent Where Possible.**

Statute should be construed to give effect to legislative intent where possible.

3.  **Statutes—Legislature—Change in Wording of Statute is Evidence of Intent that Words Shall Have a Different Construction.**

Amendment changing wording of statute is evidence of a legislative intent that words shall have a different construction.

Appeal from Circuit Court, Beadle County; Hon. Alva E. Taylor, Judge.

In the matter of the discharge of Frank H. Dwyer, as Highway Superintendent of Beadle County. From a judgment of the circuit court, holding null and void the action of the County Commissioners removing the Highway Superintendent, the County appeals. Reversed, and cause remanded, with directions.

*Wilmarth, Haney, McCoy & McCoy,* of Huron, for Appellant.

*Chamberlain & Hall,* of Huron, for Respondent.

(1)   To point one of the opinion, Appellant cited:   State v. Kipp, 10 S. D. 495; State v. Mitchell (Kan.) 33 Pac. 104; State v. Thompson (Minn.), 97 N. W. 887; Lynch v. Chase (Kan.), 40 Pac. 666.

Respondent cited:   State v. Archiband (N. D.) 66 N. W. 234, 35 L. R. A. (N. S.) 866.

CAMPBELL, J.   Respondent, Frank H. Dwyer, had, by appointment of the board of county commissioners of Beadle county, filled the position of county highway superintendent of

said county for the years 1921 and 1922, and by action of the county commissioners of said county on December 5, 1922, was again appointed to such position for a period of two years to begin January 1, 1923. On the 6th day of March, 1923, the board of county commissioners of Beadle county passed the following resoultion:

"Resolved that the tenure of office of Frank Dwyer as county highway superintendent is hereby terminated, for the reasons that he has failed upon request to make an itemized account of his expenditures as county highway superintendent, that he has overdrawn the road fund, and has been excessively extravagant in the construction of roads."

Which action was without notice of any kind to respondent, and without the filing of any charges against him excepting as contained in the resolution itself, and without giving him any opportunity to appear before the board to refute any charges or defend himself thereon. From such order and resolution Dwyer appealed to the circuit court and demanded a trial de novo. The facts were stipulated in the circuit court substantially as above outlined, and the court concluded as a matter of law that the action of the county commissioners in passing such resolution of March 6, 1923, by which they sought to terminate the tenure of office of respondent, was without authority of law, and was null and void, and judgment was entered accordingly, from which judgment Beadle county has now appealed to this court.

[1] The sole question presented by the appeal is whether said Beadle county could validly and effectively discharge its county highway superintendent by the adoption of the resolution of March 6, 1923, as shown by the stipulated facts without previous charges, notice, or hearing.

The position of county highway superintendent was first created in this state by section 15, C. 333, Laws of 1919. The briefs herein discuss the question of whether such position is or is not a public office as distinquished from mere employment. We consider it unnecessary to determine that point, since, in any event, if it is an office, it is not a constitutional office. and the power of the  Legislature with reference to removal was and is plenary, and we need look no further than the proper construction of existing statute law to determine the rights of respondent in the

premises, even though he may be conceded to be a "public officer." State ex rel. v. Kipp, 10 S. D. 495, 74 N. W. 440.

The portion of the original statute dealing specifically with the question of removal was the last paragraph of section 15, c. 333, Laws of 1919. Section 15 was amended by chapter 89, Special Session 1920; the only change being to insert in the first paragraph of the section the following words:

"Provided that the county highway superintendent shall not hold any other public office, within the county, or receive any compensation, salary or fees from any public source while acting in said capacity."

No change whatever was made in the last paragraph of section 15 as originally enacted. Then came the amendment contained in chapter 388, Laws 1921. This latest amendment inserted, as a part, and at the end, of the first paragraph of section 15 as previously amended, the following words:

"The term of office of county highway superintendents appointed for the year 1919 and 1920 and any county highway superintendent holding office to fill such vacancy for said term shall expire on March 1st, 1921, or as soon thereafter as the board of county commissioners hold a regular or special meeting. The next term of office of county highway superintendent shall be from the time of such appointment and approval to January 1st, 1923, and each term of office thereafter shall expire on January 1st of each odd-numbered year."

No change whatever was made in the second paragraph of section 15, which has never been changed since the original enactment in 1919, but a change was made in the third paragraph having to do with the matter of removal. The third and last paragraph of section 15, c. 333, Laws 1919, as originally enacted, and as it continued until the 1921 amendment, read as follows:

"The county highway superintendent shall be provided with a suitable office by the county and shall give a bond to the county for the faithful performance of his duties in a sum not less than two thousand dollars ($2,000) nor more than five thousand dollars ($5,000) to be fixed by resolution by the board of county commissioners. The tenure of office of any county highway superintendent may be terminated *by the board of county commissioners for cause with the approval of the highway commission* or by the highway commission for incompetency."

This paragraph was amended by chapter 388, Laws 1921, to read as follows:

"The county highway superintendent shall be provided with a suitable office by the county and shall file a bond to the county for the faithful performance of his duties in a sum not less than two thousand dollars ($2,000.00) nor more than five thousand dollars ($5,000.00) to be fixed by resolution by the board of county commissioners. The tenure of office of any county highway superintendent may be terminated *at any time by a resolution of the board of county commissioners stating their reasons* or by the highway commission for incompetency or inefficiency."

The change made, and the only change, consists in the substitution of the words set out in italics in the 1921 law for the words set out in italics in the 1919 law. It is to be observed that each law provides for termination of the tenure by the board of county commissioners. By the 1919 law two qualifications are prescribed for such termination by the board. It shall be (a) "for cause" and (b) "with the approval of the highway commission." By the 1921 law qualification (b) is entirely omitted and removed, and qualifiication (a) is changed to read, "at any time by a resolution stating their reasons." Under the 1919 law, the qualification being "for cause," the decision of this court in State ex rel v. Hewitt, 3 S. D. 187, 52 N. W. 875, 16 L. R. A. 413, 44 Am St. Rep. 788, is applicable, and clearly outlines the law to the general effect that the qualification of "for cause" upon the absolute right of removal means that it must be reasonable cause, and that the delinquent must have notice of the charges against him and opportunity to be heard, and this was the status of the law down to the 1921 amendment.

Respondent contends that the rule of State ex rel v. Hewitt is still applicable to the situation, even since the 1921 amendment, and that the same requirements of charges, notice, hearing, etc., continue to be necessary before a county highway superintendent can be discharged by the county commissioners "at any time by a resolution stating their reasons."

[2, 3] It is a cardinal principle of statutory construction to give effect to the legislative intent where possible. It is further an established principle of statutory construction that, where the wording of an act is changed by amendment, it is evidential of an

intent that the words shall have a different construction. U. S. v. Stevenson, 215 U. S. 190, 30 S. Ct. 35, 54 L. ed. 153; Louisville etc. Railway v. Mottley, 219 U. S. 476, 31 S. Ct. 265, 55 L. ed. 297, 34 L. R. A. (N. S.) 671; Johnson v. Washington Loan & T. Co., 224 U. S. 224, 32 S. Ct. 421, 56 L. ed. 742.

"It is a fundamental rule of construction that, if possible, force must be given to all the words used therein, and also that, when a previous statute is amended by a alteration of the terms used therein, it is to be presumed that it was the intent to alter the meaning of the previous act in that particular. If it was the intent of Congress, in passing the amendatory act of 1873, to leave the question of compensation to the attorney unchanged, why was it that Congress struck out the words 'for expenses incurred and services rendered in prosecutions for such fines and personal penalties,' etc., and inserted the words found in section 838? The natural presumption is that the phraseology of the statute was changed in order to change its meaning. The very fact that the prior act is amended demonstrates the intent to change the pre-existing law, and the presumption must be that it was intended to change the statute in all the particulars touching which we find a material change in the language of the act." U. S. v. Bashaw (C. C. A. 8th circuit, Shiras, J.) 50 F. 749, at page 753, 1 C. C. A. 653, 658.

When the Legislature in 1921 changed the qualification upon the absolute power of removal from "for cause" to "at any time by a resolution * * * stating their reasons," and utterly did away with the requirement of the approval of the highway commission, it seems entirely clear that there was thereby manifested a legislative intent to change the existing law on this particular matter, and we are not entitled to indulge any presumption that the substitution of the words "at any time by a resolution stating their reasons" for the previous words "for cause" was a mere idle, casual, inadvertent, or meaningless act on the part of the Legislature. Shall we then say, as a matter of law, that the words, "at any time by a resolution stating their reasons," are insufficient to accomplish the thus manifested legislative intent to change the law, and that such phrase must be now construed, regardless of the legislative intent, as being in legal effect synonymous with the words "for cause?" We think not. The Legislature apparently

intended by the act of 1921 to make it easier, simpler, and quicker for a board of county commissioners to dispense with the services of an unsatisfactory highway superintendent. One of the means to that end was by doing away entirely with the necessity for securing the approval of the state highway commission to such removal. A second means to the same end was to provide that the removal could be made "at any time by a resolution stating their reasons," which we think was intended, and is sufficient to do away with the necessity of notice, hearing on charges, reviews, etc. It would seem clear that the removal of a county highway superintendent, under the 1921 law, is absolutely within the arbitrary will of the county commissioners at any time, subject only to the single qualification that, when they exercise such right of removal, they shall do so by a resolution, which resolution shall "state their reasons." We do not think the 1921 law requires that those reasons shall be good reasons, or that they shall appeal to the judgment of any one else as sufficient reasons. The requirement of spreading on the public records a resolution stating the reasons is of course, to some extent, a check upon arbitrary action of the county commissioners. It is frequently the case that a man will take certain action if he has the previlege of keeping still and looking mysterious about it and is under no necessity of giving any explanation to any one, while he would seriously hestitate so to act if he was required to file a public statement assigning any explanation for such conduct. Under the 1921 law we believe this, which we may call a "psychological check" upon arbitrary removal, is the only check of any kind provided upon the otherwise entirely uncontrolled will of the county commissioners, and the effectiveness of this, of course, is measured only by the honesty of the commissioners as to stating their reasons, and their regard for public opinion as to the adequacy thereof. The desirability of any check at all, and the value or effectiveness of the one provided, however, were matters entirely for the Legislature.

The judgment appealed from is reversed, and the cause remanded, with directions to enter judgment upon the findings in favor of appellant, in harmony wth this opinion.

Note.—Reported in 207 N. W. 210. See, Headnote (1), American Key-Numbered Digest, Highways, Key-No. 93, 29 C. J. Sec. 295; (2) Statutes, Key-No. 181(1), 36 Cyc. 1106; (3) Statutes, Key-No. 230, 36 Cyc. 1165.