STATE OF SOUTH DAKOTA, Respondent, v.

SINNOTT, et al, Appellants

(30 N. W.2d 455.)

(File No. 8881. Opinion filed December 30, 1947.)

</div>

Sigurd Anderson, Atty. Gen., and **Charles P. Warren,** Asst. Atty. Gen., for Plaintiff and Respondent.

**T. B. Thorson** and **E. W. Christol,** both of Rapid City, and **Padway, Goldberg & Previant,** of Milwaukee, Wis., for Defendants and Appellants.

ROBERTS, J. Defendants were convicted upon the second count of an information which charges that at Rapid City, South Dakota, on the 26th day of November, 1945, defendants "did then and there wilfully, unlawfully and feloniously commit the crime of conspiring to intimidate employees, in that at said time and place the said defendants William Sinnott and Reuben Schuler did conspire to prevent the hired workmen of the Buckingham Transportation Company, from performing their work in that they did, at the town of Wall, in said Pennington County, State of South Dakota, on the 26th day of November, 1945, wrongfully, wilfully and unlawfully commit assault and battery on the persons of Porter B. Buckingham and Ralph Hancock." They urge as ground for reversal that the court erred in overruling their demurrers to the information and in denying their motions in arrest of judgment. They also assign as error that defendant Sinnott was compelled to give evidence against himself and that the evidence was insufficient to establish a conspiracy.

Defendants assert that the information does not state an offense known to the law; that it does not allege the

purpose or object of the conspiracy; and that there is no allegation of an overt act to effect the object of the conspiracy.

Defendants were convicted of violating that portion of the conspiracy statute, Chap. 45, Laws 1941, which provides: "If two or more persons conspire, either to commit any offense against the State of South Dakota, * * * and one or more of such parties do any act to effect the object of the conspiracy, each of the parties to such conspiracy shall be fined not more than Ten Thousand Dollars ($10,000.00), or imprisoned in the State Penitentiary for not more than Five (5) years, or both."

The offense against the state sought to be charged as the object of the conspiracy is the violation of the provisions of SDC 13.1824, which reads: "Every person who by any use of force, threats, or intimidation, prevents or endeavors to prevent any hired foreman, journeyman, workman, laborer, servant, or other person employed by another from continuing or performing his work or from accepting any new work or employment, or induces such hired person to relinquish his work or employment, or to return any work he has in hand before it is finished, is guilty of a misdemeanor."

██ It is essential to the validity of an information under the Constitution that it shall advise the accused of the "nature and cause of the accusation against him." Constitution, Art, 6, § 7. The rules of criminal pleading have yielded to simplification of statement and the elimination of technical formalities. SDC 34.30. It is fundamental, of course, that the exercise of the power to prescribe, change or modify the form or manner of stating a charge in a criminal process is limited and controlled by the Constitution. State v. Reidt, 54 S. D. 178, 222 N. W. 677. This court has held that an information designating an offense in such a manner as to enable a person of common understanding to know what was intended in compliance with the provisions of the statute now designated as SDC 34.3010(6) was sufficient to comply with the provisions of the Constitution, but did not consider how far the exercise of such power might go in simplifying indictments and informations before encounter-

ing the constitutional limitation. State v. Morse, 35 S. D. 18, 150 N. W. 293, Ann. Cas. 1918C, 570. It has been frequently declared in substance that an information or indictment must apprise the defendant with reasonable certainty of the accusation against him so that he may prepare his defense and plead the judgment as a bar to a subsequent prosecution for the same offense. 27 Am. Jur., Indictments and Informations, § § 57 and 58. The question therefore presented is whether the information before use sufficiently meets these requirements.

The language of the conspiracy statute, Chap. 45, Laws 1941, was adopted from the federal act, 18 U. S. C. A. § 88. It is apparent from a reading of these statutes that a conspiracy to commit an offense is a different crime than the offense that is the object of the conspiracy. It has been repeatedly declared in federal decisions that an indictment or information must state the object or purpose of the conspiracy, but that it is not necessary to allege the contemplated crime with the technical precision and particularity requisite to an indictment or information for such substantive offense. Williamson v. United States, 207 U. S. 425, 28 S. Ct. 163, 52 L. Ed. 278; United States v. Rabinowich, 238 U. S. 78, 35 S. Ct. 682, 59 L. Ed. 1211; Thornton v. United States, 271 U. S. 414, 46 S. Ct. 585, 70 L. Ed. 1013; Wong Tai v. United States, 273 U. S. 77, 47 S. Ct. 300, 301, 71 L. Ed. 545. In the case last cited, the court said: "It is well settled that in an indictment for conspiring to commit an offense— in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy, Williamson v. United States, 207 U. S. 425, 447, 28 S. Ct. 163, 52 L. Ed. 278, or to state such object with the detail which would be required in an indictment for commtiting the substantive offense * * *. In charging such a conspiracy 'certainty, to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is necessary'." In the light of the foregoing authorities, we think that the information sufficiently alleges the object or purpose of the conspiracy. The informa-

tion charges that defendants conspired to "intimidate employees, in that at said time and place the said defendants William Sinnott and Reuben Schuler did conspire to prevent the hired workmen of the Buckingham Transportation Company, from performing their work." The gist of the offense prohibited by Section 13.1824, supra, is the use of force, threats, or intimidation to prevent any employee from performing his work or to attempt to so prevent. Even if it be assumed that the information does not describe the contemplated crime with the accuracy requisite to the commission of the crime itself, it does sufficiently identify the crime which defendants are charged to have intended to commit.

There must be an overt act to satisfy the conditions of the statute. In Joplin Mercantile Co. v. United States, 236 U. S. 531, 35 S. Ct. 291, 293, 59 L. Ed. 705, the court said: "It is true * * * that a mere conspiracy, without overt act done to effect its object, is not punishable criminally under § 37 of the Criminal Code (18 U. S. C. A. § 88). But the averment of the making of the unlawful agreement relates to the acts of all the accused while overt acts may be done by one or more less than the entire number, and although essential to the completion of the crime, are still, in a sense, something apart from the mere conspiracy, being 'an act to effect the object of the conspiracy.'" Under the provisions of Chapter 45, Laws 1941, and SDC 34.3637, some act by one or more of the conspirators "to effect the object of the conspiracy" must be alleged and proved.

■ Counsel argue that while the information charges that defendants did "wrongfully, wilfully and unlawfully commit assault and battery on the persons of Porter B. Buckingham and Ralph Hancock" it does not charge that this was done in furtherance and pursuance of· the unlawful agreement or, in other words, "to effect the object of the conspiracy." It is said that such violation of law is alleged as a part of the unlawful agreement and that it does not appear that there was a conspiracy to operate in the future. The information as heretofore pointed out charges a conspiracy to commit a crime which is sufficiently identified.

There was then a meeting of the minds on a plan of action or course to be followed in the future. The gist of the conspiracy charged was this agreement between the defendants. It must be conceded that the information could have been more definite and certain. We think, however, that it sufficiently appears that the assault and battery was the doing of an act to effect the object of the agreement.

We conclude that the charge of conspiracy is set forth with sufficient particularity to apprise defendants of the nature and cause of the accusation against them and to enable a person of common understanding to know what is intended and therefore to satisfy constitutional and statutory requirements.

The state's attorney offered in evidence the testimony of defendant Sinnott taken in a civil action. Objection was made on the ground that the introduction of such testimony was an invasion of the constitutional privilege against self-incrimination. It appears that in obedience to a subpoena Sinnott was examined in the civil action as an adverse party before trial and testified without claiming the privilege. He was not then charged with conspiracy and there is no indication that the civil action was commenced for the purpose of obtaining evidence upon which to base such charge.

The section of the Constitution, Art. 6 § 9, granting the privilege against self-incrimination is not confined to criminal actions, but extends to all manner of proceedings in which testimony is to be taken and protects both witnesses and parties. State v. Smith, 56 S. D. 238, 228 N. W. 240.

The state took the position below and adheres to it here that the privilege of silence is for the benefit of the witness and is deemed waived unless invoked and a witness who claims that privilege cannot testify and then contend that he is deprived of a constitutional right. It is the right of a plaintiff in a civil action to call the defendant as a witness and interrogate him until the privilege is exercised. Wigmore on Evidence, 3d Ed., § 2268; People v. Danziger, 238 Mich. 39, 213 N. W. 448, 52 A. L. R. 136. Merely being compelled to appear in obedience to a subpoena and to be sworn is no violation of the constitutional privilege and if

such witness testifies he will be deemed to have done so voluntarily. In State v. Smith, supra, this court pointed out that although these general rules are well established, yet there are apparent exceptions. They do not apply where a person is called as a witness in a judicial inquiry which has for its primary purpose the determination of his guilt or innocence of an offense. The opinion refers to the commencement of a John Doe proceeding as a means for examining as a witness the person whose guilt or innocense is in fact the subject of investigation. Whether or not the privilege is claimed during examination the defendant in such instance may move at the proper time and have the information quashed. See, also, State v. Hall, 59 S. D. 98, 238 N. W. 302; State ex rel. Poach v. Sly, 63 S. D. 162, 257 N. W. 113. There is no indication that the civil action in which appellant testified was brought to secure evidence of his guilt of a crime.

 This court has held that it is within the discretion of the trial court to advise a witness that he is not bound to incriminate himself; that the privilege is that of the person under examination as witness and does not involve a right of the party calling him. State v. Mungeon, 20 S. D. 612, 108 N. W. 552. This court, however, in 1939 adopted a rule of practice, SDC 36.0103, with respect to advising a witness of the right to refuse to answer questions on the ground of self-incrimination. The rule so far as here material provides: "It shall be the duty of the court, of its own motion and without waiting for objection, to advise a witness at the appropriate time of his right to refuse to answer any question * * * requiring or tending to require the witness to give testimony which might incriminate him, but the last clause shall not apply to a defendant in a criminal case who takes the stand to testify in his own behalf." We need not determine the effect of the refusal of the court in a proper case to give such warning. Witness was asked the question: "Who did you learn about the carload of boys going down to Wall from?" Answer to this question would not have tended to incriminate witness. The fact that witness disclosed incriminating matter not responsive

to the question does not admit of complaint for failure of the court of its own motion under the rule to advise witness of his privilege.

 It is insisted that the verdict on the first count is inconsistent with the second count and that the record does not warrant conviction. Count one charges that appellants conspired to commit assault and battery. Where two offenses growing out of the same transaction are charged in separate counts and one offense includes elements or acts necessary to the commission of the other offense a verdict of acquittal of the one is inconsistent with a verdict of guilty of the other. 23 C. J. S., Criminal Law, § 1403. It is argued that both counts are based on the same transaction which occurred at the same time and place and that the evidence required to establish the offense charged in count one is not substantially different from that in the other count and that the acquittal on the one is an acquittal on the other count. We will assume without so deciding that count one states an offense under the conspiracy statute and that the finding of the jury on the first count refutes the possibility of the commission of the offense stated in the other count.

The authorities are in irreconcilable conflict as to the effect of inconsistency in a verdict on an indictment or information containing two or more counts. 23 C. J. S., Criminal Law, § 1403; Annotation, 80 A. L. R. 171. A leading authority is the case of Dunn v. United States, 284 U. S. 390, 52 S. Ct. 189, 76 L. Ed. 356, 80 A. L. R. 161. The court concluded that consistency in the verdict is not necessary since the separate counts of an indictment are not interdependent and hence a verdict of guilty on one count is valid although it is inconsistent with a verdict of acquittal on another count. The court, speaking through Mr. Justice Holmes, expressed approval of the following statement in Steckler v. United States, 2 Cir., 7 F.2d 59, 60: "The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which

they had no right to exercise, but to which they were disposed through lenity." Conceding that the jury was inconsistent in acquitting defendants on the one count and convicting on the other, we cannot inquire into the motives which prompted the jury to so find. We hold that a verdict on several counts need not be consistent.

Defendants insist that they did not threaten or intimidate anyone, but sought by peaceful persuation to induce employees of Buckingham Transportation Company to quit work. The overt act charged in the second count is a substantive offense specifically denounced by statute. Admittedly, proof of the assault and battery that occurred at Wall would not warrant a conviction for conspiracy. It was incumbent upon the state to prove an unlawful agreement. Evidence as to what occurred prior to the assault and battery and as to statements made by the defendants is in direct conflict. Evidence of threats and intimidation directed against employees of the company convinced the jury that there was concert of action between the defendants. The weight to be given to the evidence was for the jury. We think that the evidence on behalf of the state was sufficient to connect defendants with a plan or scheme to prevent by coercion such employees from working.

In view of what we have stated we are of the opinion that the judgment should be, and is, affirmed.

All the Judges concur.