Fred JAGER, Plaintiff and Respondent,

v.

Ralph GROMMESH, Individually, and Claudette Grommesh, by Ralph Grommesh, her guardian ad litem, Defendants and Appellants.

No. 7594.

Supreme Court of North Dakota.

July 13, 1956.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for plaintiff and respondent.

Nilles, Oehlert & Nilles, Fargo, for defendants and appellants.

MORRIS, Judge.

This is an appeal from a judgment rendered in favor of the plaintiff and against the defendants for damages for personal injuries and damage to the plaintiff's truck as the result of an accident involving a collision between a truck owned and driven by the plaintiff and a car owned by the defendant Ralph Grommesh and driven by his daughter Claudette Grommesh.

We are met by threshold questions of procedure arising from plaintiff's motion to dismiss the defendants' appeal and to summarily affirm the judgment from which the appeal is taken. The general ground for the motion is that the attempted appeal brings before this court for review no questions or issues of law or fact.

An understanding of the import of plaintiff's arguments and contentions requires a chronological statement of the steps taken in the district court which bear upon the defendants' right to a review in this court.

On March 31, 1955, the jury rendered a verdict in favor of the plaintiff for $1,700 personal injuries and $1,830 for damages to his truck and loss of use thereof. On April 7, 1955, the defendant served notice of hearing and motion for judgment notwithstanding the verdict or in the alternative for a new trial to which was attached specifications of the insufficiency of the evidence. On June 15, 1955, the court signed the following order:

"This matter came on to be heard before the Court on the 25th day of April, 1955 on defendants' motion for judgment, notwithstanding the verdict or the alternative for a new trial; and the Court, having reviewed the evidence and heard the arguments of counsel and having on the 9th day of June, 1955, issued its memorandum decision on the matter, and in accordance with said memorandum decision;

"It is ordered, that the defendants' motions for judgment notwithstanding the verdict, for a new trial and each of the said motions are hereby denied."

This order was served on defendants' attorneys June 18 and filed in the office of the clerk of the district court June 20, 1955.

In the meantime judgment had been entered on the verdict in favor of the plaintiff April 11, 1955, and notice of entry thereof served April 13, 1955.

On October 11, 1955, the defendants caused to be served upon the plaintiff a notice of appeal from the judgment and also

"from the Order of said District Court, and the whole thereof, dated the 15th day of June, 1955, denying the defendant's motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial."

■ An appeal may be taken from a judgment by serving and filing the notice of appeal within six months after written notice of the entry of judgment and from an order within sixty days after written notice of the order. Section 28–2704, NDRC 1943.

■ The defendants having failed to serve and file a notice of appeal from the order as prescribed by statute, the plaintiff's motion to dismiss the appeal must prevail with respect to the order. The appeal from the order dated June 15, 1955, denying defendants' motion for judgment notwithstanding the verdict or in the alternative for a new trial is dismissed. Peterson v. Wolff, 68 N.D. 354, 280 N.W. 187.

We must now determine whether the same questions that were raised or could be raised as grounds for a new trial or for judgment notwithstanding the verdict under the defendants' alternative motion can be reviewed in this court upon appeal from the judgment. An approach to this problem requires that some consideration be given to the components of the alternative motion, namely a motion for a new trial and a motion for judgment notwithstanding the verdict. In Goodman v. Mevorah, 79 N.D. 653, 59 N.W.2d 192, we held that an order denying a motion for a new trial made after entry of judgment is an appealable order and may not be reviewed up-

on an appeal from the judgment alone. It was there further held that where the order denying the motion for a new trial had become final before an appeal from the judgment was taken the order was determinative of the questions and issues that were or might have been presented by the motion and such questions and issues were not reviewable on appeal from the judgment. However that decision involves only a motion for new trial. We must now consider the effect of an order denying an alternative motion which includes both a motion for judgment notwithstanding the verdict and a motion for new trial.

By Chapter 133, SLND 1921, the legislature forbade the trial judge to grant a motion for directed verdict over the objection of the adverse party but permitted the court after verdict to direct the entry of a judgment notwithstanding the verdict if upon the evidence as it stood at the time of the motion for directed verdict the moving party was entitled to have a verdict directed in his favor. It also provided that an alternative motion might be made asking for a new trial and

"If the motion for judgment notwithstanding the verdict be denied, the supreme court, on appeal from the judgment, may order judgment to be entered, when it appears from the testimony that a verdict should have been so directed; and it may also so order on appeal from the whole order denying such motion when made in the alternative form whether a new trial was granted or denied by such order."

The quoted language was retained in subsequent amendments and reenactments down to and including Chapter 220, SLND 1945. During the period that this language was in effect we consistently held that an order denying a motion for judgment notwithstanding the verdict was not an appealable order. See cases cited in Kinnischtzke v. City of Glen Ullin, 79 N.D. 495, 57 N.W.2d 588.

In Welch Manufacturing Co. v. Herbst Department Store, 53 N.D. 42, 204 N.W. 849, decided in 1925, this court said:

"that, where a motion for a directed verdict has been denied and the moving party thereafter moves the court in the alternative that judgment be entered in his favor notwithstanding the verdict against him, or for a new trial, and the court denies the motion for judgment but grants (or denies) the motion for a new trial, the moving party may appeal from the order as a whole, and have the ruling on the motion for judgment notwithstanding the verdict reviewed in the Supreme Court."

It should be noted that the decision involved an appeal from an order made upon an alternative motion and not an appeal from a judgment as is the situation before us.

Our search has not revealed a case, and none has been pointed out to us, involving the question of whether under the language we have quoted the supreme court might, on an appeal from the judgment, review the questions and issues presented by a motion for judgment notwithstanding the verdict made after entry of judgment. It is of interest to note that it was not until 1935 that a motion for judgment notwithstanding the verdict not coupled with an alternative motion for a new trial could be made after judgment was entered. Chapter 245, SLND 1935; Olson v. Ottertail Power Co., 65 N. D. 46, 256 N.W. 246, 95 A.L.R. 418.

By Sections 28–1509, 28–1510, and 28–1511, NDRC 1943, the code commission and the legislature completely revised the statutes pertaining to directed verdicts and motions for judgment notwithstanding the verdict and deleted the requirement that had existed since 1921 that the court submit the case to the jury if the motion for directed verdict was resisted by the adverse party. Chapter 220, SLND 1945, amended and reenacted Sections 28–1509 and 28–1510 and restored the provision requiring the judge to overrule a resisted motion for directed verdict. It did not amend Section 28–1511 which provided:

"The supreme court, without a motion for judgment notwithstanding the verdict, or a motion in the alternative for such judgment or for a new trial, first made in the trial court, may review the ruling on the motion for a directed verdict. *If the motion for judgment notwithstanding the verdict is denied, the supreme court, on appeal from the judgment, may order judgment to be entered when it appears from the testimony that a verdict should have been so directed,* and it also may so order on appeal from the whole order denying such motion when made in the alternative form, whether a new trial was granted or denied by such order." (Italics supplied.)

Sections 28–1509 and 28–1510 were again amended and reenacted by Chapter 204, SLND 1951 and for the first time Section 28–1511 was also amended and reenacted to read:

"The supreme court, without a motion for judgment notwithstanding the verdict, or a motion in the alternative for such judgment or for a new trial, first made in the trial court, may review the ruling on the motion for a directed verdict on appeal from the judgment, and may order judgment to be entered when it appears from the testimony that a verdict should have been so directed. It also may so order on appeal from an order denying a motion for judgment notwithstanding the verdict, or on appeal from an order denying a motion for judgment in accordance with the motion for a directed verdict if no verdict was returned. On appeal from an order made upon a motion in the alternative for judgment notwithstanding the verdict or for a new trial the court shall review the whole order and may reverse, affirm, or modify the order as to any and all parties."

■ It is significant that the italicized part of Section 28-1511 giving to the supreme court power to review the ruling on the motion for directed verdict where a motion for judgment notwithstanding the verdict had been denied was omitted from the amendment. In discussing the rule used in construing amendments Sutherland, Statutory Construction, 3rd Edition, Section 1930, states:

"Because it is defined as an act that changes an existing statute, the courts have declared that the mere fact that the legislature enacts an amendment indicates that it thereby intended to change the original act by creating a new right or withdrawing an existing one. Therefore, any material change in the language of the original act is presumed to indicate a change in legal rights. The legislature is presumed to know the prior construction of terms in the original act, and an amendment substituting a new term or phrase for one previously construed indicates that the judicial or executive construction of the former term or phrase did not correspond with the legislative intent and a different interpretation should be given the new term or phrase. Thus, in interpreting an amendatory act there is a presumption of change in legal rights. This is a rule peculiar to amendments and other acts purporting to change the existing statutory law."

The presumption there discussed is applicable where a material provision in the original act has been omitted from the amendment. In re Dwyer, 49 S.D. 350, 207 N.W. 210; City of Augusta v. Inhabitants of Town of Mexico, 141 Me. 48, 38 A.2d 822; People v. Valentine, 28 Cal.2d 121, 169 P. 2d 1; Southern Pacific Co. v. McColgan, 68 Cal.App.2d 48, 156 P.2d 81; Prager v. Isreal, 15 Cal.2d 89, 98 P.2d 729; State v. Holly Sugar Corporation, 57 Wyo. 272, 116 P.2d 847; 50 Am.Jur., Statutes, Section 276; 82 C.J.S., Statutes, § 384b. (2).

In State ex rel. Nagle v. Leader Co., 97 Mont. 586, 37 P.2d 561, 563, it is said:

"In construing an act amendatory of a statutory provision, it is undoubtedly the rule that, when the Legislature declares an existing statute to be amended, 'to read as follows,' as was done here, that body evinces the intention to make the new act a substitute for the amended statute, exclusively; only those portions of the old law repeated in the new are retained, and all portions omitted are repealed."

■ We construe the first sentence of Section 28-1511, as amended by Chapter 204, SLND 1951, to provide that in the absence of a motion for judgment notwithstanding the verdict or an alternative motion the supreme court on appeal from the judgment may upon proper specifications review the ruling on the motion for a directed verdict. The second sentence clearly makes an order denying a motion for judgment notwithstanding the verdict appealable. The last sentence makes appealable an order denying a motion in the alternative for judgment notwithstanding the verdict or for a new trial. Where either of the two last mentioned orders has become final and is no longer appealable before an appeal from the judgment is taken the order is determinative of the questions and issues that were or might have been presented by the motion upon which it is based and such questions and issues are not reviewable on appeal from the judgment. The reasoning of Goodman v. Mevorah, supra, impels us to that conclusion. Marsden v. O'Callaghan, N.D., 77 N.W.2d 522, and Marsden v. O'Callaghan, N.D., 77 N.W.2d 531. All of the questions and issues presented by the appeal from the judgment were presented to the trial court on the alternative motion for judgment notwithstanding the verdict or for a new trial. Both motions were denied and no appeal was taken within the time prescribed by statute. The court's order became final before an appeal was taken from the judgment and being determinative of all issues the appeal presents nothing for

this court to decide. The judgment appealed from is affirmed.

BURKE, C. J., and SATHRE, JOHNSON, and GRIMSON, JJ., concur.