Adolph WALTH, Plaintiff and Respondent,

v.

Arthur F. DAUB, Defendant and Appellant.

No. 8535.

Supreme Court of North Dakota.

April 10, 1969.

Milton K. Higgins, Bismarck, for appellant.

Freed, Dynes & Malloy, Dickinson, for respondent.

ERICKSTAD, Judge.

On November 3, 1967, in an action venued in Oliver County but tried in Morton County, the jury brought in a verdict awarding damages of $2,000 to the plaintiff, Adolph Walth, against the defendant, Arthur F. Daub. It is from the judgment, dated November 9, 1967, entered upon this verdict after the taxation of costs that Mr. Daub appeals. The judgment arises from an action initiated by Mr. Walth in which he charged Mr. Daub with false arrest, malicious prosecution, and conversion.

Mr. Daub appeals from the judgment on the sole ground that the evidence is insufficient to support the verdict. Before we review the evidence to determine that issue we must first decide whether it is properly before us.

Mr. Walth points out that judgment was rendered and service of the notice of the

entry of judgment was made upon Mr. Daub on November 10, 1967; that Mr. Daub moved for judgment notwithstanding the verdict on November 13, 1967; that the trial court denied the motion by order dated March 6, 1968; that the order was served on Mr. Daub by mail on March 7, 1968; that no appeal was taken from the order; and that the notice of appeal from the judgment was served on May 11, 1968.

Because the order became final without appeal, we must decide whether it is determinative of the questions that were presented by the motion.

In a decision rendered by this court in 1953 we said:

> A motion for judgment notwithstanding the verdict, in effect calls for a review of the trial court's ruling in denying a previous motion for a directed verdict and thus brings before the trial court for a second time the questions properly raised by the motion for a directed verdict.

> Kinnischtzke v. City of Glen Ullin, 79 N.D. 495, 57 N.W.2d 588 (1953), Syllabus 1.

The issue raised at the time of the motions for a directed verdict, made at the close of the plaintiff's case and at the close of all the evidence, and accordingly at the time of the motion for judgment notwithstanding the verdict, was whether the evidence was sufficient to support a verdict for the plaintiff.

On appeal from the judgment to this court Mr. Daub is again asking a determination of whether the evidence in this case is sufficient to support a verdict for the plaintiff.

■ The basic procedural question we must determine is whether that issue may now be considered by this court on the appeal from the judgment only. This question was raised and answered by this court in Jager v. Grommesh, 77 N.W.2d 873 (N. D. 1956). In Syllabus 5 of that case we said:

> Where an order denying a motion for judgment notwithstanding the verdict or an order denying a motion in the alternative for judgment notwithstanding the verdict or for a new trial has become final and is no longer appealable before an appeal from the judgment is taken, the order is determinative of the questions and issues that were or could have been presented by the motion upon which it was based and such questions and issues are not reviewable on appeal from the judgment.

■ As the notice of appeal from the judgment in the instant case is dated May 10, 1968, and was served by mail on May 11, 1968, the time for appeal from the order denying the motion for judgment notwithstanding the verdict had expired before appeal was taken from the judgment. Applying the rule in Jager to this case, we must and do dismiss the appeal and affirm the judgment.

TEIGEN, C. J., and STRUTZ, KNUDSON and PAULSON, JJ., concur.