STATE of South Dakota, Plaintiff
and Respondent,

v.

Eugene HEISINGER and Loren Schmidt,
Defendants and Appellants.

Nos. 11967, 11968.

Supreme Court of South Dakota.

Reassigned Jan. 6, 1977.

Decided April 22, 1977.

Peter Lieberman, Asst. Atty. Gen., for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

John S. Theeler, of Morgan, Fuller, Theeler & Cogley, Mitchell, for defendant and appellant Eugene Heisinger.

Lee A. Tappe, of Tappe & Vavra, P.C., Platte, for defendant and appellant Loren Schmidt.

ZASTROW, Justice (on reassignment).

On April 30, 1976, the defendants, Eugene Heisinger and Loren Schmidt, were charged with the rape of a fifteen-year-old

female in violation of SDCL 22–22–1.[1] A preliminary hearing was held on May 14, 1976, and the defendants were bound over for trial. The state filed an information and the defendants responded with motions to set aside and demurrers. An intermediate appeal was granted to determine whether the trial court erred in ruling that the presumption contained within SDCL 22–22–1(2) (hereinafter "the presumption") is conclusive, and whether, based upon that ruling, the trial court erred: (1) in denying the motions to set aside the information and (2) in ruling that the defendants had not been denied the right to confront and cross-examine the prosecutrix at the preliminary hearing. We reverse the decision of the trial court that the presumption is conclusive, but affirm the denial of the motions to set aside and demurrers.

The only testimony at the preliminary hearing was that of the prosecutrix. She testified that on the evening in question she had gone to Mitchell and returned to Parkston with friends. Before returning to her parental home, she went to the trailer home of a girl friend. While there, the defendants, whom she knew, carried her from the trailer against her will, though not violently. They then pushed her into Schmidt's car and drove her to a spot near the local grain elevator.

Later, they drove to an isolated area where she was forcibly disrobed and each of the defendants had intercourse with her. The victim testified that she did not consent and resisted to the extent she felt reasonable under the circumstances. See *State v. Thompson,* 1946, 71 S.D. 319, 24 N.W.2d 10.

Her testimony was that the defendants then returned her to Parkston and left her

afoot. Shortly thereafter, Heisinger returned alone in his automobile and offered her a ride home. When she refused, Heisinger forced her into the car and drove to the secluded area. When she attempted to flee, she was caught by Heisinger who, after making threats of physical violence, had intercourse with her again.

Since the prosecutrix testified at the preliminary hearing that she was forcibly raped, a resolution of the defendants' contentions would seem unnecessary. However, because the trial court has ruled that the presumption is conclusive, that the prosecution would proceed as one for statutory rape,[2] and that the defendants would not be allowed to present evidence of consent and capacity on the part of the prosecutrix, the necessity of interpreting the nature of the presumption is apparent.

At early common law, only nonconsensual sexual intercourse with a female was prohibited. 75 C.J.S. Rape § 13. Later, consensual sexual intercourse with a female under the age of ten years was classified as rape and treated as though a forcible rape had occurred. 75 C.J.S. Rape § 1. Our territorial government adopted this common law prohibition and incorporated it as part of the Penal Code of 1887, § 320. Eventually, that statute was amended by Ch. 133, § 1, Dakota Territorial Laws 1887, which provided for rape in the first degree and rape in the second degree (commonly referred to as "statutory rape"). Statutory rape under this classification was consensual sexual intercourse with a female under the age of fourteen years, but not less than ten years. Consensual sexual intercourse with a female under the age of ten years was classified as rape in the first degree.

---

1. "Rape is an act of sexual penetration accomplished with any person under any one or more of the following circumstances: (1) Through the use of force, coercion or threats of immediate and great bodily harm against the victim or other persons within the victim's presence, accompanied by apparent power of execution; or (2) Where the victim is incapable, because of physical or mental incapacity, of giving consent to such act; a person sixteen years of age or less shall be presumed incapable of consenting to such acts; or (3) Where the victim is incapa-

ble of giving consent because of any intoxicating, narcotic or anesthetic agent, or because of hypnosis, administered by or with the privity of the accused."

2. SDCL 22–22–1, prior to the 1975 amendment, had provided in part: "Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator under either of the following circumstances: (1) Where the female is under the age of sixteen years * * *."

The "age of consent" for females to engage in sexual intercourse was increased to sixteen years by Ch. 4, § 1, Dakota Territorial Laws 1890, to eighteen years by Ch. 11, § 1, S.L. 1907, until it ·was decreased to sixteen years by Ch. 154, § 21, S.L. 1972. During the same period of time, sexual intercourse with a female under the age of ten years remained classified as rape in the first degree [3] until repealed by Ch. 169, § 8, S.L. 1975.

In recent years, the rationale and procedural and evidentiary rules applied to rape have been severely criticized.[4] Whether in response to such criticism or not, the South Dakota Legislature enacted Ch. 169, S.L. 1975 which radically changed the definition of rape.[5] The all important phrase "a person sixteen years of age or less shall be presumed incapable of consenting to such acts (of sexual penetration)" replaced the former prohibition against sexual intercourse with females under sixteen. This phrase must be interpreted as either a conclusive presumption, as urged by the state, or as a rebuttable presumption, as urged by the defendants.

The state contends that the presumption is merely a reaffirmation of the traditional definition of statutory rape, i. e., a female under the statutory age is conclusively presumed[6] to be incapable of consenting to sexual intercourse. This definition was discussed and rejected as inaccurate in *Ex Parte Nesson*, 1910, 25 S.D. 49, 125 N.W. 124:

"It is therefore clear that the so-called 'age of consent' statutes do not in any manner attempt by law to fix an age under which a female is mentally incapable of consent * * * but such statutes do fix an age below which her consent to an act of sexual intercourse is immaterial so far as it bears upon the guilt of the other party to the act. The common expression used by the courts 'that the female is conclusively presumed incapable of consenting to the act of sexual intercourse' is inaccurate. It would be more correct to say that the consent of the female is void (*State v. West*, 39 Minn. 321, 40 N.W. 249); that is, void as to the male."

A statutory presumption is a rule of evidence and must be carefully distinguished from statutory provisions which create substantive law, as the former provision had done.[7] It has been held that although the legislature may enact rules of

---

**3.** Penal Code 1877, §§ 323, 324; C.L. 1887, §§ 6524, 6525; Rev.Pen. Code 1903, §§ 328, 329; Rev. Code 1919, §§ 4095, 4096; SDC 1939, 13.2803, and SDCL 22–22–4 had all provided: "Rape committed upon a female under the age of ten years, or incapable, through lunacy or any other unsoundness of mind, of giving legal consent, or accomplished by means of force overcoming her resistance, is rape in the first degree. In all other cases rape is of the second degree."

**4.** "Rape and Rape Laws: Sexism in Society and Law," Cal.L.Rev., Vol. 61, May 1973, p. 925; "Toward a Consent Standard in the Law of Rape," University of Chicago L.Rev., Vol. 43, p. 613. See also "Forcible and Statutory Rape," Yale Law Journal, Vol. 62, 1952, p. 76.

**5.** Rape was redefined from sexual intercourse with a female to "an act, however slight, of sexual intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of a genital or of any object into the genital or anal openings of another person's body." SDCL 22–22–2.

**6.** The legislature did not elect to use the phrase "conclusively presumed" in the statute; if it had, the state's position would have considerably more weight. However, the effect on this opinion would be problematic.

**7.** House Bill 945, 1977 Session Laws, redefined rape in terms substantially the same as the former statute adopting the "statutory rape" provision, to-wit: "Rape is an act of sexual penetration accomplished with any person other than the actor's spouse under any one or more of the following circumstances: (1) Through the use of force, coercion or threats of immediate and great bodily harm against the victim or other persons within the victim's presence, accompanied by apparent power of execution; or (2) Where the victim is incapable, because of physical or mental incapacity, of giving consent to such act; or (3) Where the victim is incapable of giving consent because of any intoxicating, narcotic or anesthetic agent, or because of hypnosis, administered by or with the privity of the accused; or (4) Where the victim is less than fifteen years of age. A violation of subdivisions (1) to (3), inclusive, of

evidence which create presumptions, in criminal cases the power is restricted.

"The legislature may enact laws declaring that, on proof of one fact, another fact *may be* inferred or presumed, and such enactments are constitutional, provided no constitutional right of accused is destroyed thereby, *the presumption is subject to rebuttal,* and there is some rational connection between the fact proved and the ultimate fact presumed." (emphasis supplied) 22A C.J.S. Criminal Law § 579, pp. 331–332.

See also 1 Torcia, Wharton's Criminal Evidence § 94; 29 Am.Jur.2d, Evidence, § 11; Jones on Evidence § 3.5; 1 Weinstein's Evidence, ¶ 303[01], et seq.; Uniform Rules of Evidence (U.L.A.) Rule 303; Annots., 162 A.L.R. 495, 13 L.Ed.2d 1138, 23 L.Ed.2d 812. *United States v. Gainey,* 1965, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658; *Manley v. Georgia,* 1929, 279 U.S. 1, 49 S.Ct. 215, 73 L.Ed. 575; *Luria v. United States,* 1913, 231 U.S. 9, 34 S.Ct. 10, 58 L.Ed. 101; *Garcia v. People,* 121 Colo. 130, 213 P.2d 387; *State v. Kelly,* 1944, 218 Minn. 247, 15 N.W.2d 554; *State v. Kahler,* 1970, Fla., 232 So.2d 166; *State v. Haremza,* 213 Kan. 201, 515 P.2d 1217; *People v. Kirkpatrick,* 1973, 32 N.Y.2d 17, 343 N.Y.S.2d 70, 295 N.E.2d 753; *State v. Palmer,* 2 Wash.App. 863, 471 P.2d 118; *O'Neal v. State,* 1972, Wyo., 498 P.2d 1232; *State v. Hansen,* 1972, Iowa, 203 N.W.2d 216; *People v. Serra,* 1974, 55 Mich. App. 514, 223 N.W.2d 28.

In addition to due process, equal protection, self-incrimination, and presumption of innocence problems, there exists a fundamental separation of powers question in conclusive statutory presumptions as stated in Professor Wigmore's treatise:

"The judicial function under the constitution is to apply the law in controverted cases; to apply the law necessarily involves the determination of the facts; to determine the facts necessarily involves the investigation of evidence as a basis for that determination. To forbid investigation is to forbid the exercise of an indestructible judicial function.

"Hence, to make a rule of conclusive evidence, compulsory upon the judiciary, is to attempt an infringement upon their exclusive province." 4 Wigmore, Evidence, § 1353 (Chadbourn rev. 1972), pp. 848–849.

See also Justice Black's dissent, *United States v. Gainey,* supra, 380 U.S. at 77, 85 S.Ct. 754.

■ Basic rules of statutory interpretation compel us to reach the conclusion that the presumption must be determined to be rebuttable. If an alternate construction of a statute would involve serious constitutional difficulties, then that interpretation should be rejected in favor of one which avoids such constitutional infirmities. *First American Bank & Trust Company v. Ellwein,* 1972, N.D., 198 N.W.2d 84; 2A Sutherland, Statutory Construction, § 45.11. Furthermore, it is a fundamental rule of construction that, if possible, effect must be given to all provisions within the statute, *State v. Halladay,* 1928, 52 S.D. 497, 219 N.W. 125, and when a prior statute is amended by an alteration of the terms, " 'it is to be presumed that it was the intent (of the legislature) to alter the meaning of the previous act in that particular.' " *In re Dwyer,* 1926, 49 S.D. 350, 207 N.W. 210. For this court to give full force and effect to all of the provisions of this statute, consistent with the state and federal constitutions, requires that the presumption be construed as rebuttable.[8]

■ The state in its brief maintains that the legislature clearly did not intend such a

this section is a Class 2 felony. A violation of subdivision (4) of this section is a Class 4 felony."

**8.** "However, the 'presumption' created by SDCL 32–23–7 is more than a procedural rule. The word 'presumption' within the statute is used in the sense of a permissive inference or prima facie proof. * * * Accordingly, the jury should be instructed concerning the presumption of intoxication wherever properly administered test results are available." *State v. Spry,* 1973, 87 S.D. 318, 207 N.W.2d 504.

"harsh result." We cannot accept that position. As indicated previously, the rape statutes have undergone many changes; whether the legislature intended this result, whether the legislature desired to adopt another state's version of "statutory" rape,[9] or whether the legislature recognized the "harsh" results of the prior statutes and the changing mores of society would be sheer speculation. Failing to find that this construction would lead to hardship, inconvenience or injustice, we interpret "presumed" in its common and ordinary meaning: that it creates a rebuttable presumption.[10]

◼ Having concluded that the presumption is rebuttable, we must also determine whether it meets the constitutional test of due process of the Fifth and Fourteenth Amendments of the United States Constitution. The defendants maintain that the presumption here is violative of due process requirements under the holding of *Leary v. United States,* 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, that "a criminal statutory presumption must be regarded as 'irrational' or 'arbitrary,' and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." 395 U.S. at 36, 89 S.Ct. at 1548, 23 L.Ed.2d at 82.

To apply the test of *Leary* and to determine whether the presumed fact (i. e., persons sixteen years old or less are incapable of consent to the sexual acts enumerated) is more likely than not to flow from the established fact (i. e., the prosecutrix is fifteen years old) is simply not within the realm of common judicial experience. Nor is this court presented with any authoritative material[11] which would lead us to the conclusion that the presumption "is arbitrary because of (a) lack of connection between the two in common experience" or that it "is so strained as not to have a reasonable relation to the circumstances of life * * *." *Tot v. United States,* 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519. As announced in *United States v. Gainey,* supra, and reiterated in *Leary,* supra:

> " 'The process of making the determination of rationality is, by it nature, highly empirical, and in matters not within specialized judicial competence or completely commonplace, significant weight should be accorded the capacity of Congress to amass the stuff of actual experience and cull conclusions from it.' " 380 U.S. at 86, 85 S.Ct. at 767, 13 L.Ed.2d at 671.

Since the topic of the presumption cannot be said to be within the specialized judicial competence nor completely common knowledge and no authoritative materials having presented, we are unable, on the basis of this record, to declare the presumption unconstitutional.

◼ Giving significant weight to the capacity of our legislature, and until presented with authoritative material to the contrary, we hold the rebuttable presumption that "a person sixteen years of age or less" is "incapable of consenting to such acts" of sexual penetration is constitutional.[12]

◼ Defendants challenge the validity of their preliminary hearing because the

---

**9.** W.S.A. § 940.225(4).

**10.** It should be pointed out that in the situation the dissent presents, under the new Criminal Code to be effective October 1, 1977, the offender would be subject to a fifteen-year maximum penalty if convicted for indecent molestation but only ten years if convicted for rape, HB 945, Sections 51, 52, S.L. 1977, a result just as anomalous. Furthermore, willing participation by the fourteen-year-old child does not establish a defense. There must be evidence sufficient to rebut the presumption that she was "incapable of consenting to such acts."

**11.** See, e. g., 395 U.S. at 39–44, 89 S.Ct. 1532.

**12.** Assuming, arguendo, that this presumption will withstand further attacks upon its constitutionality, that there will be evidence presented at the trial that there was consent, and that the state wishes to avail itself of the presumption, an instruction on this presumption should be carefully worded so as not to lessen the state's burden to prove each element of the crime beyond a reasonable doubt. *In Re Winship,* 1970, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368; *Adderley v. Florida,* 1966, 385 U.S. 39, 87 S.Ct. 242, 17 L.Ed.2d 149; *see also*

magistrate prohibited questioning of the prosecutrix about her past sexual conduct and her mental capacity to consent to sexual intercourse. In South Dakota, the preliminary hearing is not of constitutional origin but is a creature of statute. *State v. Reggio,* 1970, 84 S.D. 687, 176 N.W.2d 62; and *Janklow v. Talbott,* 1975, S.D., 231 N.W.2d 837. The purpose of a preliminary hearing is to ascertain whether or not a public offense has been committed and whether there is sufficient cause to believe that the accused committed it. SDCL 23–27–16; *State, ex rel. Stevenson v. Jameson,* 1960, 78 S.D. 431, 104 N.W.2d 45. No verdict can flow from the magistrate's determination, and a dismissal of the complaint or preliminary information is no bar to further prosecution. The state is not obligated to prove the elements beyond a reasonable doubt, and the magistrate passes upon the narrow question of whether or not the evidence justifies further inquiry by a trial. *State v. Brown,* 1969, 84 S.D. 201, 169 N.W.2d 239.

Here, the defendants have not been denied assistance of counsel, *Coleman v. Alabama,* 1970, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, nor is the testimony of the prosecutrix at the preliminary hearing being used against them at the trial, *Pointer v. Texas,* 1965, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, nor was counsel denied the opportunity to cross-examine the prosecutrix on the circumstances and elements of the alleged crime.

At the preliminary hearing, the prosecutrix repeatedly testified that she did not consent and resisted sexual intercourse with the defendants. A review of the preliminary hearing transcript fails to reveal any evidence which would establish in any fashion, except for defense counsel assertions, that there was any consensual sexual intercourse.

 Although some of the questions propounded by defense counsel might arguably have been legitimate impeachment of the credibility of the prosecutrix,[13] the prohibition of the questions was not error, on the grounds urged by the defendants, inasmuch as her capacity to consent was not in question. If at the trial her capacity to consent is placed in issue, the defendants must satisfy the requirements of SDCL 23–44–16.1 [14] before evidence of her past sexual conduct would be admissible.

 The defendants' final contention is that the information was unconstitutionally vague and failed to state a public offense. The information must state all of the elements of the crime with sufficient particularity so as to apprise the defendant of the crime charged to enable him to prepare an adequate defense and plead the judgment as a bar to a subsequent prosecution for the same offense. *State v. Sinnott,* 1947, 72 S.D. 100, 30 N.W.2d 455; *State v. Belt,* 1961, 79 S.D. 324, 111 N.W.2d 588.

The joint information charging the defendants with "statutory rape" obviously met these requirements. The joint information charged the defendants in the following manner:

"That at said time and place the said Eugene Heisinger and Loren Schmidt did,

"Presumptions, Assumptions, and Due Process in Criminal Cases," Yale Law Journal, Vol. 79, No. 2, Dec. 1969, p. 165; Notes, Stanford L.Rev., Vol. 22, p. 341.

13. Defense counsel during the preliminary hearing referred to some of the questions as being for impeachment; however, neither has raised the issue of impeachment in his assignments of error, briefs, or argument, and are thus deemed to have waived it in this appeal. *Gifford v. Bowling,* 1972, 86 S.D. 615, 200 N.W.2d 379.

14. SDCL 23–44–16.1 provides: "In prosecutions for rape, evidence of specific instances of the victim's prior sexual conduct shall not be admitted nor reference made thereto before the jury or jury panel, except as provided herein. Whenever any party proposes to offer evidence concerning the victim's prior sexual conduct, the court shall first conduct a hearing in the absence of the jury and the public to consider and rule upon the relevancy and materiality of the evidence. Evidence of the victim's sexual conduct with persons other than the accused is not admissible unless relevant to a fact at issue."

willfully, unlawfully and feloniously make an assault and carnally know one to-wit: [K.K.], and did accomplish with her an act of sexual intercourse; the said defendants being, then and there, over the age of fourteen years and the said [K.K.], being, then and there, a female person under the age of sixteen years, to-wit: fifteen years of age, and not being, then and there, the wife of either of said defendants, Eugene Heisinger and Loren Schmidt, and the defendants, Eugene Heisinger and Loren Schmidt, at said time and place did, then and there, commit the crime of rape in violation of SDCL 22–22–1."

■ As previously stated, the crime of statutory rape no longer exists under the current SDCL 22–22–1; therefore, the use of "statutory" in the title is surplusage and should be stricken from the information. Likewise, the phrases "the defendants being, then and there, over the age of fourteen years" and "not being, then and there, the wife of either" are surplusage and should be stricken by the trial court.[15]

■ The defendants have also asserted that the information does not charge a crime in that the elements of "force" and "lack of consent" were not alleged. Prior to the amendment of SDCL 23–32–4, this court in *State v. Fulks,* 1968, 83 S.D. 433, 160 N.W.2d 418, held that the information need only contain a statement charging "at a time and place stated, the accused (naming him) did commit the crime of * * * rape." The amendment of SDCL 23–32–4 has not diminished the authority of *State v.*

*Fulks,* supra; and the information here, disregarding surplusage, is sufficient to satisfy SDCL 23–32–4 (as amended by Ch. 169, S.L. 1975).[16] See also *State v. Belt,* supra, and *State v. Townsend,* 1975, S.D., 231 N.W.2d 367.

The trial court's ruling that the presumption of SDCL 22–22–1(2) is conclusive is reversed; and the trial court's denial of the defendant's demurrers and motions to set aside the information is affirmed and this matter is remanded to the circuit court for trial.

DUNN, C. J., and PORTER, J., concur.

WOLLMAN, J., and WINANS, Retired J., concur in part and dissent in part.

WINANS, Retired J., sitting for MORGAN, J., disqualified.

WOLLMAN, Justice (concurring in part, dissenting in part).

I would interpret the words " * * * shall be presumed incapable of consenting to such acts * * * " as used in SDCL 22–22–1(2) to mean that the consent of a person 16 years of age or less is void. This would be in keeping with the interpretation given to similar language by this court in *Ex parte Nesson,* 25 S.D. 49, 125 N.W. 124. My belief that the legislature did not intend to make the fact of consent a defense on an ad hoc basis in cases involving acts of sexual penetration with persons 16 years of age or less is strengthened by the fact that at the time SDCL 22–22–1 was amended no change was made in SDCL 22–22–7, the

---

**15.** The prior statutory requirements that a male be over the age of fourteen (SDCL 22–22–3) and that the prosecutrix not be the wife of the defendant (SDCL 22–22–1), were repealed by Ch. 169, S.L. 1975.

**16.** SDCL 23–32–4, as amended, provides in part: " * * * It shall not be necessary to set out therein, with particularity, the facts relied upon to constitute the offense charged, and it shall only be necessary to allege the commission of the offense in the language by which the crime is usually designated; as, in the case of an accusation of * * * rape * * * it shall only be necessary to charge that, at a time

and place stated, the accused (naming him) did commit the crime of * * * rape * * * upon or against the person of a human being (naming him or her, as the case may be); and *this form of pleading shall apply in all prosecutions for the commission of any public offense, and upon the trial it shall be competent to prove the manner in which the crime was committed as fully and as particularly as if all the facts constituting the crime had been fully alleged and set forth in the indictment or information presented or filed."

indecent molestation statute. Under the latter statute, a person could be found guilty of indecent molestation of a 14-year-old child even though the sexual act had been solicited and willingly participated in by the child, yet at the same time be immune from conviction under the rape statute based upon an act of sexual penetration solicited and willingly participated in by the same child.

I agree with the majority opinion's disposition of defendants' attacks upon the sufficiency of the information.

I am authorized to state that Justice WINANS joins in this concurrence in part and dissent in part.